[S. F. No. 8185.   In Bank.—October 11, 1917.]

## B. M. BROOKER et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—DEATH OF LABORER UPON BUILDING—FALL FROM SCAFFOLD—EPILEPTIC FIT—INJURY NOT ARISING OUT OF EMPLOYMENT.—Under section 12 of the Workmen's Compensation Act, allowing compensation to the dependents of an employee only where the proximate cause of death is a personal injury sustained by him by accident arising out of, and in the course of, his employment, an injury resulting in the death of a laborer employed in the erection of a building while at work upon a scaffold thirty-nine feet above the ground and properly guarded by a rope along its outer edge, as the result of an epileptic fit, in which he fell to the surface of the scaffold, rolled off the edge, and thence to the ground, is not an injury arising out of his employment, since the proximate cause of the fall was the epileptic fit, with which his employment had no causal connection.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Lloyd S. Ackerman, for Petitioners.

Christopher M. Bradley, for Respondents.

SHAW, J.—This is a petition to review an award made by the Industrial Accident Commission against the United

States Fidelity and Guaranty Company, insurance carrier for Brooker, in favor of Rodrigo and Amelia Fuente, on account of the death of R. R. Fuente, caused by injuries received by Fuente while he was in the employment of the defendant Brooker, as a laborer. Fuente was the son of the petitioner Rodrigo and the stepson of the petitioner Amelia.

The petition is based upon the claim that the injury which caused the death of Fuente, and the accident which produced the injury, although they happened to him in the course of his employment, did not arise "out of" his employment.

The decedent was a laborer employed by Brooker in the erection of a building. He was working upon a scaffold five feet in width and thirty-nine feet above the ground. The scaffold was guarded, in compliance with the law or ordinance, by a rope three feet high along its outer edge. While so engaged, the decedent fell to the surface of the scaffold, rolled off the edge, and thence fell to the ground. Death resulted from the injuries caused by the fall to the ground. There was evidence sufficient to show that he was subject to epileptic fits at long intervals and that he was seized with one of these fits while at work on the scaffold, as a consequence of which he fell down upon the scaffold, and that as a result of the contortions incident to such fit he rolled off the edge and was precipitated to the ground. There was no evidence to the contrary. The commission did not find that the epileptic fit caused the fall, as it should have done, but found in general terms that the injury which caused the death of Fuente arose out of, and happened in the course of, his employment. It is practically conceded that the sole cause of his fall was a fit of epilepsy.

The contention of the petitioners is that the proximate cause of the fall was the epileptic fit, with which his employment had no causal connection, and hence that the accident and resulting injury arose from the fact that he was an epileptic and had the fit, and not out of his employment. We are of the opinion that this contention must be sustained.

The Workmen's Compensation Act allows compensation to the dependents of an employee only where the proximate cause of the death of such employee is a personal injury sustained by him "by accident arising out of and in the course of the employment." (Section 12.) There was nothing in the nature of the work which the deceased was doing at the

time that had any tendency to bring on a fit of epilepsy. Neither the fit, nor the fall, nor the injury, was produced by the nature of the work in which he was engaged. The injury was doubtless the greater by reason of the distance from the scaffold to the ground, but this distance was not due to the nature of the work itself. The question whether or not such an injury arises "out of" the employment cannot and does not depend upon the height from which the employee falls or the extent of the injury he receives as the result of the fit.

The exposition of this question by the supreme court of Michigan in *Van Gorder* v. *Packard Motor Car Co.* (Mich.), [162 N. W. 107], is so clear and so well fits the conditions of the case at bar that we cannot do better than to quote it here. The employee, while at work on a scaffold six feet in height, was seized with an epileptic fit which caused him to fall off the scaffold to the floor, whereby his skull was fractured and his death ensued. The court, after an elaborate review of the authorities, says:

"There is no claim that the scaffold was improperly constructed or in any way unsuitable for the service. Due to no conditions arising out of his employment, but solely to his predisposition to epilepsy, of which his employer had no notice, he fell from the scaffold, receiving an injury from which death resulted. The fall was caused and caused only by the epileptic fit. The fit was the direct and only cause of his injury. We do not think it would be seriously contended that, had he·fallen in an epileptic fit while standing on the floor and received the injury he did, the injury arose out of the employment, and that the defendant was liable. The height from which he fell, here only a short distance, could not change the liability for the injury. The most that can be said is that the height from which the deceased fell may have aggravated the extent of the injury. A person falling a greater distance may be more seriously injured than one falling a lesser distance; but it does not change the question of responsibility, of liability. The distance of the fall might contribute to the extent of the injury, but it was not a contributory cause to the fall. When the deceased was seized with the epileptic fit he would have fallen, no matter where he was, and the employer cannot be held responsible because that unfortunate seizure occurred when the workman was on the scaffold, a few feet from the floor."

The other authorities are, for the most part, to the same effect. In *Butler* v. *Burton-on-Trent Union,* 5 B. W. C. C. 355, the decedent, while on duty, was sitting at the top of a stairway. A fit of coughing, due to the fact that he was afflicted with tuberculosis, came on and made him giddy, causing him to fall down the steps. From the injuries resulting therefrom he died in a few days. It was held that "the accident did not arise out of the employment in the sense that it was due to the nature of the employment, or to anything to which the nature of the employment required him to expose himself," and that to say that it " 'arose out of' because it took place on premises where he was in fact engaged" would make the fact that it arose "in the course of" the employment the sole test, whereas the law requires that it shall also arise "out of" the employment. In *Nash* v. *Rangatira,* L. R. [1914] 3 K. B. Div. 978, a sailor, while drunk, was walking up the gangway of the steamer and, solely because of his intoxication, fell therefrom and was killed. The court said that the accident and injury did not arise "out of" the employment, and that the fact that he was on the gangway did not make it so, although it increased the peril from a fall. *Frith* v. *Louisianian,* 5 B. W. C. C. 410, L. R. [1912] 2 K. B. Div. 155, was a similar case of a sailor who fell over the side of the vessel because of his intoxication and was drowned. He was "within the ambit of his employment," but the court held that his death did not arise out of that employment. In *Rodger* v. *Paisley,* 5 B. W. C. C. 547, a messenger, while carrying a message on the street, fainted and fell, thereby injuring him so that he died. This injury did not, the court says, arise out of the employment. In *Collins* v. *Brooklyn etc. Co.,* 171 App. Div. 381, [156 N. Y. Supp. 957], the decedent, while at work, fell to the ground in a swoon due to heart disease, and thereby received the injury which caused his death. The court said that it did not arise out of the work, and that to make it so it must appear that the injury was "a consequence of something that had a relation to the work of the employer," and that the act does not "make the employer an insurer of the life, health, or regular heart action, of an employee," and that it should have been shown that the swoon, for example, arose out of overexcrtion in the employer's service. See, also, *McCoy* v. *Michigan Screw Co.,* 180 Mich. 454, [L. R. A. 1916A, 323, 147 N. W. 572], *Klawin-*

*ski* v. *Lake Shore etc. Co.*, 185 Mich. 643, [L. R. A. 1916A, 342, 152 N. W. 213], *Hawkins* v. *Powell's etc. Co.*, 4 B. W. C. C. 178, L. R. [1911] 1 K. B. Div. 988, and *Barnabas* v. *Bersham Colliery Co.*, 4 B. W. C. C. 119, all involving the same principle.

A distinction is to be made between cases of this character and those where the accident, though partly caused by the idiopathic condition of the employee, is due in part also to the overexertion of the employee in performing his work, or to the nature of the work or the appliances furnished to him with which to work, or to the lack of proper safeguards against the ordinary dangers of the place of work, the injury being sometimes greater because of his idiopathic condition. In those cases the injury is held to arise out of the employment. An example of those cases is *Fennah* v. *Midland etc. Ry.*, 4 B. W. C. C. 440, where the decedent, an engine driver, was tightening a nut in the engine and suddenly fainted and fell. The court, from the evidence, was of the opinion that his fainting fit was brought on by the work and held that the injury arose out of the employment. Where the idiopathic condition and the employment are each contributing causes of the accident, the employer is liable; but not where the idiopathic condition is the sole cause.

The case of *Carroll* v. *What Cheer Stables Co.*, 38 R. I. 421, [L. R. A. 1916D, 154, 96 Atl. 208], is cited in support of the opposite view. It is, however, distinguishable on the principle just stated. A hack driver, while driving on the highway, fell from his seat and was injured by the fall. The fall was probably caused in part by a faint or dizziness induced by a disease from which he was suffering. But there was evidence that his horses were in a kind of gallop and that he was "pitched out" by the motion, and the court said that the "fall was more than the mere inert fall or collapse of an unconscious man; that it was a positive throwing or pitching of the driver from his seat by the movement of the hack turning or lurching into the gutter, toward or against the curbstone, and might have happened to a driver in full possession of his senses." Upon this ground the court based its decision in his favor.

The only case to the contrary is *Wicks* v. *Dowell*, L. R. [1905] 2 K. B. Div. 225. The deceased was seized with an epileptic fit while standing on a wooden stage in a ship, close

to the edge of a hatchway opening into the hold, and while guiding the descent of a bucket into the hold by means of a long pole, and as a result he fell into the hold and was injured. The award was made. The court held that the accident arose "out of" his employment. The facts are somewhat similar to the case at bar. But it stands alone and is contrary to the later decisions above cited arising in England under the same law. We think the better reason is with the later cases.

The award is annulled.

Henshaw, J., Melvin, J., and Angellotti, C. J., concurred.