(No. 14000.—Reversed and remanded.)

THE ROCKFORD HOTEL COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(IDA MADISON, Plaintiff in Error.)

· *Opinion filed October 22, 1921—Rehearing denied Dec. 9, 1921.*

1. WORKMEN'S COMPENSATION—*death of an employee caused by pre-existing disease does not arise out of employment.* The death of an employee which results from a prior existing disease or impaired physical condition, such as heart trouble, while he is doing his ordinary work in the customary way, without any sudden, unusual or violent strain, will not be considered an accidental death arising out of the employment, within the meaning of the Compensation act.

2. SAME—*where death results from the accident a pre-existing disease will not preclude an award.* The employer is liable, under the Compensation act, for the death of an employee which results from burns received when the employee fell into an ash-pit into which he was dumping hot ashes and cinders from a furnace, and the fact that the employee was occasionally afflicted with epileptic fits will not preclude an award on the ground that the death was caused by the pre-existing disease, where there were no witnesses to the accident and where there is expert testimony that the burns caused the death.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding.

GARRETT, MAYNARD & HULL, for plaintiff in error.

FISHER, NORTH, WELSH & LINSCOTT, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Joseph Madison was employed by the Rockford Hotel Company on and prior to September 5, 1919. On that day while in the discharge of his duties he fell into an ash-pit, where hot coals and cinders were thrown when removed by him from the furnace. He was seen by the engineer of defendant in error a few minutes before he was found in the ash-pit, in the act of raising the cover from the pit for the purpose of drawing into it ashes and cinders from the furnace. The witness left the room for five or ten minutes and when he returned found Madison lying on his back in the pit on the hot cinders. He was unconscious and before witness could procure help and remove him he was badly burned. After Madison was removed from the pit he regained consciousness and was taken to a hospital, where he remained several days. He was then removed to his home, where he died December 15, 1919.

The doctor who held a post-mortem described the conditions he found and expressed it as his opinion that the death was caused by the burns. Deceased left him surviving a widow but no child or children. The widow filed an application for compensation, which the arbitrator allowed and fixed the award at $50 per month for a period of 66 months, one month at $47.72, and the further sum of $50, being the amount which accrued from December 16, 1919, to January 16, 1920. The award fixed by the arbitrator was confirmed by the Industrial Commission on a petition for review. Defendant in error sued out a writ of *certiorari* from the circuit court. That court set aside the award and held there was no liability. This court granted a writ of error to review that decision.

Liability under the Workmen's Compensation act is denied on the ground that Madison's injury did not arise out of his employment. The argument in support of that contention is that the fall into the ash-pit was not due to an incident of the employment but was caused by Madison

being seized with an epileptic fit; that he was subject to such fits, of which his employer had no knowledge; that the fit was the direct and only cause of his injury and the accident did not arise out of the employment. It is generally held by the English courts and the courts of this country that where the death of an employee results from a prior existing disease, like heart trouble or other impaired physical condition, while the workman was doing his ordinary work in the ordinary way, and there was no sudden, unusual or violent strain, it will not be considered an accidental death arising out of the employment within the meaning of the Workmen's Compensation act. It is contended by defendant in error those principles are controlling in this case because there was no evidence of any unusual effort or strain of Madison which caused or contributed to his fall or to bring on a fit, as the result of which he fell into the pit. So far as disclosed by the testimony, Madison was doing his work in the ordinary way when last seen. No one saw him fall, but there was proof by medical and lay witnesses that in the year 1918 he had spasms resembling epileptic fits, and the doctors who testified on that subject believed him afflicted with that trouble. The widow testified she had been married to deceased and lived with him a year before the accident and that she had never seen or known of his having a fit. It must be admitted the proof of defendant in error tended to show Madison occasionally had spasms or fits. Whatever the disease was that caused the spasms or fits, it was mild in form and the fits were not many or of frequent occurrence.

It is contended by defendant in error that it is not as probable Madison's fall into the pit was the result of his being overcome by gases or fumes or other causes while removing the hot ashes and cinders from the furnace as that the fall was caused by an epileptic fit, in view of the testimony referred to. The fact that we cannot overlook or ignore is, that Madison, by reason of his falling into the pit

while engaged in performing the duties of his employment, was so severely injured that he died from the injuries. He did not die from epilepsy or a pre-existing disease but from the burns he received from falling into the pit. Some cases hold that where an employee is seized with a fit and falls to his death the employer is not liable, because the injury did not arise out of the employment; *(VanGorder* v. *Packard Motor Co.* 195 Mich. 588; *Brooker* v. *Industrial Com.* 176 Cal. 275;) but a majority of the courts, American and English, hold that if the injury was due to the fall the employer is liable even though the fall was caused by a pre-existing idiopathic condition.

Defendant in error admits the English decisions "apparently sustain the position of the applicant in this case" but endeavors to point out that those decisions are not all in harmony, and argues the American cases holding the contrary are based on sounder reason and principles. The view of this court on that question was expressed in the opinion in *Peoria Railway Terminal Co.* v. *Industrial Board,* 279 Ill. 352. In that case the employee was fireman on a switch engine. While engaged in performing his duties he fell from the engine while it was running slowly and smoothly over a practically level road-bed. He died in a short time without regaining consciousness. An autopsy was held and there was medical testimony that the fall caused the death and also that the death was produced by a pre-existing disease. The widow testified she had been the wife of deceased one year and during that time he was in good health. The court held the death resulted from an accident arising out of the employment and that the employer was liable, and cited many authorities supporting that conclusion. That decision we think applicable to this case.

The judgment of the circuit court is reversed and the cause remanded to that court, with directions to confirm the award.

*Reversed and remanded, with directions.*