[Civ. No. 4313.   First Appellate District, Division Two.—September 28, 1922.]

CALIFORNIA NOTION & TOY COMPANY (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act — Disability Arising Outside of Employment — Evidence. — An award of compensation under the Workmen's Compensation Act to a salesman and stock clerk, who fell from a short movable ladder while attempting to take down some stock from the shelves, was unwarranted, where there was no evidence that the applicant sustained, by reason of his fall, any

---

Injuries "arising out of and in the course of" employment, notes, Ann. Cas. 1915C, 921; Ann. Cas. 1918B, 362; L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896.

physical injury which had resulted in or contributed to his disability, and it was shown by uncontradicted medical testimony that the disability was caused by a vascular cortical lesion, caused by high blood pressure, which condition had no possible connection with his employment.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Howard L. Phillips and Redman & Alexander for Petitioners.

A. E. Graupner for Respondents.

LANGDON, P. J.—This matter comes to us upon a writ of review. It is contended by petitioner that an award of the Industrial Accident Commission, allowing compensation to Edward G. Fennig for a period from September 24, 1921, to February 28, 1922, the date of the award, is unwarranted and should be annulled. The commission found that since the injury the applicant has been suffering from a diseased condition of the blood vessels and any disability existing after the date of the award is due to said diseased condition and not to said injury.

Edward G. Fennig, at the time of the accident involved here, was a man of the age of about sixty-three years. He had been employed for twenty-five years as a salesman and stock clerk by the California Notion and Toy Company. He had worked continually and steadily in his employment and had not had occasion to require the services of a physician except occasionally for a cold. On September 16, 1921, he was attempting to take down some stock from the shelves. He had a short movable ladder which he had carried to the shelves. He stated at the hearing that his recollection of the matters immediately preceding the accident and of the accident itself was not clear, and that he thought he went up the ladder about four or five steps, but that he really did not remember whether he had mounted the ladder or not. He had no recollection of having fallen, and, indeed, recalled nothing from the time he started to mount the ladder until he was

being taken downstairs by a fellow-employee, who had found him lying on the floor with the ladder on top of him.

The symptoms of which Fennig complained were nervousness and an inability to talk coherently and think correctly. The only physical injuries which were apparent after his fall were a bruise and small cut on his head and some bruises on his legs. He stated that he was unable to return to his work because of his inability to speak intelligibly and his tendency to become fatigued very easily.

At the request of petitioners an order was made by the Industrial Accident Commission for an examination of the applicant by a medical examiner to be appointed by the commission. The record contains several medical reports, which is all the evidence in the record to explain the cause of the accident. One of these concludes with the statement: "In arriving at a decision as to whether his cerebral lesion is intra or extra cerebral, and whether he may have had his cerebral accident and then fallen, or fallen and then had the development of cerebral picture, it will be necessary to have fundus findings, X-rays of head, urine examination et al. The patient should be in a hospital. In any event, his arterial condition, and there has long been present arterial disease, is the fundamental basis of his picture."

The second report concludes with the opinion: "No signs of head injury have been found. No evidence of fracture of the skull or of brain injury without fracture. The aphasia and neurological findings on the right side of body are due to an interference in cerebral circulation. Further study in hospital of cardiovascular system and X-rays of head were advised. The patient and family were opposed to his entering hospital, but subsequent X-rays were taken and no evidence of fracture found."

Another medical report stated: "It would seem to me, basing this opinion more on clinical experience and also on the symptomatology in this case than on definite demonstrable pathological evidence, that the patient suffered a vascular cortical lesion rather on the basis of his high blood pressure and arteriosclerosis than as a result of his injury. In other words, I am inclined to the belief that he fell because of a vascular disorder and the fall did not produce it."

The applicant refused to go to a hospital and submit to a more thorough examination.

There was no other evidence offered upon the question before us for decision, i. e., Was the applicant injured in the course of his employment and did his injury arise out of his employment? The Industrial Accident Commission has found in favor of the applicant upon these matters and in support of its findings urges upon our attention the case of *Eastman Co.* v. *Industrial Acc. Com.*, 186 Cal. 587 [200 Pac. 17]. The petitioners, with equal earnestness, contend that the present case is analogous to the case of *Brooker* v. *Industrial Acc. Com.*, 176 Cal. 275 [L. R. A. 1918F, 878, 168 Pac. 126].

An analysis of the cases relied upon by the respective parties hereto and of the cases cited therein would seem to establish:

(1) Where the proximate and immediate cause of the injury is disability arising *solely* from an idiopathic or subjective condition, the weight of authority, including the decisions of this state, are against recovery, though the injury clearly occurs in the course of employment. (*Eastman Co.* v. *Industrial Acc. Com., supra.*)

(2) The burden of proving that the injury arose out of the employment is upon the applicant. (*Casualty Co. of America* v. *Industrial Acc. Com.*, 176 Cal., at p. 533 [169 Pac. 76].) A failure to sustain a burden of proof cannot be remedied by a finding based upon guess, conjecture, or surmise. (Glass on Workmen's Compensation Law, pp. 39, 40; *Puckhaber* v. *Southern Pac. Co.*, 132 Cal. 363 [64 Pac. 480].)

We are of the opinion that the instant case is clearly differentiated from the case of *Eastman Co.* v. *Industrial Acc. Com., supra.* It was pointed out therein, with much precision, that even though the immediate cause of the fall of the driver from the truck was heart disease, it did not appear that the fall or the heart disease caused his death; that the death was caused, according to medical testimony appearing in the record, by the passage of the wheels of the truck over his body after he had fallen to the street. In other words, neither the constitutional weakness of the deceased nor his resulting fall caused his death, but his death was caused by the automobile operated in the course

of his employment.   In the case of *Wicks* v. *Dowell,* [1905]
L. R. 2 K. B. Div. 225, cited by our supreme court in
the Eastman Co. case, *supra,* a man subject to epileptic
fits was standing on a wooden stage in a ship close to the
hatchway.   By reason of a fit, he fell into the hold and was
injured by the fall.   The court held that while the cause
of the fall was the fit, the cause of the injury was the fall,
which was incident to the employment over the open hatch-
way.

[1]   The reasoning of the cases we have discussed herein,
as well as the reasoning of other cases cited by the par-
ties hereto, by analogy, has brought us to the conclusion
that the applicant in the instant case has not sustained
the burden of proving that his disability arose out of his
employment.   He offered no evidence to contradict the
opinion of experts, who had made careful medical exam-
inations, that the fall was occasioned by a vascular dis-
order.   Nevertheless, had applicant, because of his fall, sus-
tained a fracture of his skull or a broken limb or any other
injury attributable to his fall, that injury would have
arisen out of his employment under the reasoning in the
case of *Eastman Co.* v. *Industrial Acc. Com., supra;* and
had such injury resulted in disability, it would have
formed the basis for an award by the commission.   But
there is no evidence that applicant sustained, by reason
of his fall, any physical injury which has resulted in or
contributed to his disability.   The medical testimony is that
there is no evidence of any fracture of the skull or head
injury, and the only injuries sustained by the fall, so far
as the record discloses, were bruises on the legs and a
bruise and a small cut on the head.   The real disability
from which the applicant was suffering at the time of the
hearing, according to all the testimony, including his own,
was inability to articulate his words, lapse of memory, con-
fused thinking, and fatigue, and these symptoms were
caused, according to the only testimony before us, by a
vascular cortical lesion, caused by high blood pressure.
This condition and the resulting symptoms had no possible
connection with his employment.   There is no evidence that
because of any thing or any duty incident to his employ-
ment, the consequences of this disorder were aggravated
or its results in any way changed.

It is the duty and purpose of this court to construe liberally the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831), to effectuate its purposes and to charge to industry injuries to its employees properly chargeable thereto. But we can see neither reason nor justice in laying down a principle which would give to a man stricken with paralysis while at his place of business the right to throw the financial burden of his disability upon his employer where the disability was in no measure increased or contributed to by the employment, and the physical conditions causing the same were in no measure due thereto. In such a case, the rights of the employee are no greater than they would have been had the attack occurred at his own home, unless it is shown that his disability was in some way increased or affected by the incident of place.

The award of the Industrial Accident Commission is annulled.

Nourse, J., and Sturtevant, J., concurred.