## PRESIDENT AND DIRECTORS OF GEORGETOWN COLLEGE v. STONE et al.

### No. 5406.

Court of Appeals of the District of Columbia.

Argued April 5, 1932.
Decided June 6, 1932.

876

George E. Hamilton, John J. Hamilton, George E. Hamilton, Jr., Edmund Brady, and Henry R. Gower, all of Washington, D. C., for appellant.

Charles V. Imlay and George G. McLeish, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree setting aside an order of the deputy compensation commissioner, which rejected a claim for compensation for the death of claimant's husband while an employee of appellant, arising, as alleged, out of and in the course of such employment. Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424 (33 USCA §§ 901–950); District of Columbia Compensation Act of May 17, 1928, 45 Stat. 600 (D. C. Code 1929, T. 19, §§ 11, 12, 33 USCA § 901 note).

The plaintiff below, Lillie M. Stone, regularly filed with the Compensation Commission of the District of Columbia a claim for compensation for the death of her husband within the provisions of the statute. The deputy commissioner, after an investigation and hearing, reported his finding of facts on the evidence, and rejected the claim.

The essential facts upon which the claim is based are stated in the finding of the deputy commissioner as follows: " * * * That on said day the employee while in the employ of the employer above named as a laborer at Georgetown University Hospital sustained personal injuries which occurred in the course of his employment, but which did not arise out of the said employment; that while so employed and in the act of defrosting cans in an ice plant of the employer wherein he was using a hot water hose for this purpose, the employee was found lying upon his back on the floor in the said plant and his physical appearance and other evidence showed that he was suffering at that time from an epileptic seizure; that the employee had been subject to epileptic seizures for some time prior to said day and had on several occasions received treatment therefor; that during said seizure on the day above mentioned by reason of the tonic contracture of the muscles of the body the employee grasped and held upon his chest the hose emitting hot water which he had been using in defrosting the cans in the refrigerator plant and that the hot water which ran over his face and shoulders caused the employee to suffer from second-degree burns over the upper one-half of his body, which burns were the direct cause of his death, which occurred at Georgetown Hospital on June 7, 1930; that the proximate cause of the injury and subsequent death of this employee as related herein was the epileptic seizure which had no causal relation whatever to the employment, nor did the employment aggravate this pre-existing epileptic susceptibility. * * * *"

The claimant sought a review of the deputy commissioner's order of rejection by proceedings under the statute in the Supreme Court of the District of Columbia. The court held that the order of the deputy commissioner based upon the facts found by him was not in accordance with law. It was therefore set aside, with directions that an award of compensation be made to the claimant. An appeal to this court was taken.

It is contended by appellant that the decree of the lower court has the effect of setting aside the order of the deputy commissioner upon a pure question of fact, and that this is beyond its authority, inasmuch as the statute empowers the court to set aside a compensation order only when it is not in accordance with law. Section 21 (b), Act of March 4, 1927, supra (33 USCA § 921 (b). This contention virtually raises the only question properly before this court upon the record, to wit, whether the facts as found by the deputy commissioner disclose as a conclusion of law that the death of the employee in this case arose "out of and in the course of" his employment.

We think that the facts found by the deputy commissioner have that force and effect, and that the decree of the lower court should be sustained.

It appears that the employee, in the course of his employment, while using a hot water hose which he held in his hands, fell in an epileptic fit, and by reason of the contracture of his muscles continued to hold the hose emitting the hot water so that it ran

over his face and shoulders, and inflicted burns which directly caused his death.

These facts admit of but one lawful conclusion, to wit, that the employee's death was caused by the burns and not by the epilepsy, and that the burns were inflicted by means of the instrumentalities used by the employee in the course of his employment, and therefore arose out of, as well as in the course of, the employment.

It should be remembered that the workmen's compensation statutes are remedial in character, and should receive a liberal interpretation in favor of the injured employee. In Wheeling Corrugating Co. v. McManigal, Deputy Commissioner (C. C. A.) 41 F.(2d) 593, 595, it was said by Mr. Justice Parker: "This system of compensation is based, not upon ancient fictions of the law, but upon the principles of industrial insurance in application of the theory that industrial accidents, whether due to the negligence of the worker or not, are a hazard of the business; and that they should be borne, not by the individual worker, but by the industry in which he is engaged."

These considerations may well apply to the interpretation which may be placed upon the phrase "out of" the workman's employment.

In Cusick's Case, 260 Mass. 421, 157 N. E. 596, it appeared that an employee who was subject to attacks of epilepsy started to work, and in going down the cellar stairs had an attack, and fell. It was held that compensation could be recovered under the Workmen's Compensation Act. The court said, in part: "If the employee were not subject to an attack of epilepsy, and fell upon the stairs while occupied in the course of his employment, his dependents could recover compensation under the statute. ... The fact that he suffered from epilepsy does not bar a recovery. The protection of the statute is not limited to employees who are in good health. It includes all employees mentioned in the statute who are in the service of the employer under a 'contract of hire.'"

In Rockford Hotel Co. v. Industrial Commission, 300 Ill. 87, 132 N. E. 759, 760, 19 A. L. R. 80, it is said by Mr. Justice Farmer: "Some cases hold that, where an employee is seized with a fit and falls to his death, the employer is not liable, because the injury did not arise out of the employment (Van Gorder v. Packard Motor Co., 195 Mich. 588, 162 N. W. 107, L. R. A. 1917E, 522; Brooker v. Industrial Com., 176 Cal. 275, 168 P. 126, L. R.

A. 1918F, 878); but a majority of the courts, American and English, hold that, if the injury was due to the fall, the employer is liable, even though the fall was caused by a preexisting idiopathic condition." See Gonier v. Chase Companies, 97 Conn. 46, 115 A. 677, 19 A. L. R. 83; Baltimore Dry Docks Co. v. Webster, 139 Md. 616, 116 A. 842; Carroll v. What Cheer Stables Co., 38 R. I. 421, 96 A. 208, Ann. Cas. 1918B, 346; Mausert v. Albany Builders' Co., 250 N. Y. 21, 164 N. E. 729; Wicks v. Dowell & Co., 2 K. B. (1905), 225.

The decree of the lower court is affirmed, with costs.