**NEW AMSTERDAM CASUALTY CO. v. HOAGE, Deputy United States Employees' Compensation Com'r.**

**No. 5493.**

Court of Appeals of the District of Columbia.

Argued Oct. 11, 1932.

Decided Nov. 28, 1932.

Lawrence Koenigsberger, of Washington, D. C., for appellant.

Leo A. Rover and John J. Wilson, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a decree of the lower court dismissing a bill of complaint filed by the New Amsterdam Casualty Company, as plaintiff, against the deputy compensation commissioner as defendant, challenging an award of compensation made under the provisions of section 2 (2) of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. pt. 2, 1424 (33 USCA § 902 (2) made applicable to the District of Columbia by Act of May 17, 1928, 45 Stat. 600 (D. C. Code 1929, T. 19, §§ 11, 12, 33 USCA § 901 note).

The suit was brought in the lower court under section 21 (b) of the act (33 USCA § 921 (b), and in the bill of complaint the plaintiff sets out in full all of the testimony taken by the deputy compensation commissioner upon which the award was based, and claims that upon the undisputed facts thereby established the award was contrary to law. Plaintiff prayed that an injunction be issued restraining the enforcement of the award and requiring that it be vacated and set aside. A motion was filed by the defendant to dismiss the bill, claiming that it failed to state a ground for relief. The lower court sustained the motion and dismissed the bill. This appeal was then taken.

It appeared from the testimony that on November 25, 1930, one John Brosnan, Jr., while pursuing his employment as a solicitor for the Washington Post Company, a newspaper publishing company, undertook to cross a public street in the city of Washington, and suddenly fell upon the street, suffering a fracture of the skull from the fall, and that within a few days afterwards death

followed from the fracture. The deceased was covered by a policy issued to his employer under the provisions of the Compensation Law for compensation to employees for "accidental injury or death arising out of and in the course of employment."

The accident occurred at about 11 o'clock in the forenoon of the day in question. Brosnan was seen by witnesses while crossing the street; they observed that he suddenly threw his hands up over his head and fell to the ground; that he was not struck by an automobile or other outward force; that the witnesses could not see what made him fall; that he "looked like a man who could not hold his feet," and "just went down, kind of easy." He was conscious when picked up, but gave no account of the cause of his fall. Brosnan was 45 years old, weighed about 160 pounds, and was in ordinary health, working every day. He was not intoxicated at the time of the accident, nor is willful intent upon his part alleged. A post mortem was had which revealed that the fracture of the skull was the cause of his death. There was no evidence of apoplexy or cerebral hemorrhage except that resulting from the fracture, nor was there evidence of epilepsy. It appeared that in former years Brosnan had been addicted to the use of intoxicants, and that this had possibly impaired some of the organs of his body, but the evidence did not disclose that the fall had resulted from such a cause. From the record it appears probable that Brosnan's fall was occasioned by a loss of balance due to stumbling, slipping, or sudden dizziness while crossing the street.

Upon these facts it was found by the deputy compensation commissioner that Brosnan's death was caused by an accidental injury arising out of and in the course of his employment; whereupon a suitable determination for the payment of compensation was made by the deputy commissioner.

■ It is conceded by appellant that Brosnan sustained the injury "in the course of" his employment, and the sole question in the case is whether the deputy commissioner was justified in finding upon the foregoing facts that the death of Brosnan was caused by an accident "arising out of" his employment. In considering this question, it must be observed that the findings of fact made by the deputy commissioner are final and conclusive in so far as they are supported by any competent evidence, and also that it is to be presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of the act. Compensation Act, § 20 (a), 44 Stat. 1436.

■ Appellant contends that the foregoing facts establish that Brosnan's fall was not due to any of the hazards of his employment, such as a traffic accident, nor even due to the hazard of walking along the street, but was such an injury as could have happened to him wherever he might have been, and that the evidence showed certain derangements of his internal organs which might have caused his fall. Appellant accordingly contends that decedent's fall was "due to some cause within himself," and was not to any extent traceable to his employment, and that the presumption provided for by section 20 (a) of the Compensation Law does not apply.

We are of the opinion that the facts as disclosed by the record are sufficient to sustain the decision of the deputy commissioner. It is conceded that at the time of the accident Brosnan was acting in the course of his employment. He was a solicitor for a newspaper and his duties required him to go from place to place within the city. This implied that his travels might properly be made on foot and that he might traverse the sidewalks and the streets of the city in the course of his employment. It follows that Brosnan while so walking upon the city streets was proceeding similarly to a workman walking upon the floor of a factory or workshop. It was therefore the pursuit of Brosnan's employment which placed him in the position in which he suffered the accidental fall resulting in his death.

In the early administration of compensation laws, the rule was often adopted that injuries occurring upon the public highways due to traffic hazards did not "arise out of" the workman's employment. This rule was founded upon the theory that such hazards are common to the community at large and are not incident to particular employments, and it was held that the compensation acts were not designed to exempt the employee from such risks. This doctrine, however, has since been abandoned. It is now held by the greater weight of the authorities that, if an employee in the course of his employment has to pass along the public streets and thereby sustains an accident by reason of the risks incident to the streets, the accident "arises out of" as well as "in the course of" his employment. In the case of Schroeder & Daly Co. v. Ind. Comm. of Wisconsin, 169 Wis. 567, 173 N. W. 328, 329, a salesman who was required to go from place to place in the city

slipped and fell upon the street, injuring his leg. The exact cause of the fall is not shown, but, in holding that the injury "arose out of" and "in the course of" the employment, the Supreme Court of Wisconsin says: "If it should be held that messengers, delivery men, salesmen, and others, who by the nature of their employment are required to be continually on the streets and highways, are not entitled to compensation for injuries received in the course of their employment, if the injury occur on a street or highway, a large class of worthy applicants would be cut off and the Workmen's Compensation Law emasculated. * * * The risk of injury to the applicant in this case was incidental to his use of the street in the course of his employment, and was peculiar to the employment, in that the work of the employee could not be carried on without his subjecting himself to that risk. It therefore grew out of his employment. The fact that others may be exposed to like risks does not change the character of the risk to which the applicant was exposed."

In the case of McCulloch v. Pittsburgh Plate Glass Co., 107 Conn. 164, 140 A. 114, 115, a traveling salesman passing along a public highway in the course of his employment slipped on some ice and fell, striking the lower part of his back, which resulted subsequently in his death. It was held that the death "arose out of" and "in the course of" his employment; the opinion reading in part as follows: "The decedent was undoubtedly in the course of his employment when he fell upon the highway. *. * *. It has been consistently held in this state that where the employer, by the terms or implications of the contract of employment, has the right to and does require the employee to use the highways more than is common to ordinary persons, the risk and hazards to such employee are, consequently, greater than those that are incident to occasional and casual use, and that injuries sustained during and because of such greater use arise out of as well as in the course of the employment." See, also, Hansen v. N. W. Fuel Co., 144 Minn. 105, 174 N. W. 726; Porter Co. v. Ind. Comm., 301 Ill. 76, 133 N. E. 652; Morse v. Port Huron & D. R. Co., 251 Mich. 309, 232 N. W. 369, and Fiarenzo v. Richards & Co., 93 Conn. 581, 107 A. 563.

█ It is furthermore contended by appellant that Brosnan's fall was caused by some idiopathic condition, and that this fact precludes the allowance of compensation in this case. The record does not sustain this contention. Without discussing the evidence upon this point, we may refer to the authorities which hold with great uniformity that, in case death be caused by a fall resulting in part from a diseased condition of the employee the accident is nevertheless compensable.

In Wicks v. Dowell & Co., L. R. (1905), 2 K. B. 225, a workman employed in unloading coal from a ship was seized with an epileptic fit while at work and fell into the hold of the vessel and was injured. It was held that the accident arose "out of his employment" and was compensable.

In the leading case of Mausert v. Albany Builders' Supply Company, 250 N. Y. 21, 164 N. E. 729, 730, it appeared that a teamster while driving his horses over a smooth pavement fell from his seat and was killed as the result of the wheels passing over his body. It was held that an award under the Workmen's Compensation Law was proper. The court said that the position from which the teamster fell was due entirely to his employment and arose out of it, and, even assuming that the fall was caused by illness, compensation was nevertheless properly awarded; that, while a physical seizure unrelated to employment is not such an accident as is compensable, a fall thereby occasioned, with consequences which would not have occurred except for the employment, constitutes an accident within the purview of the statute. O'Brien, J., speaking for the court, said: "It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded and the inquiry limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment. A teamster, suffering from heart disease, may sink upon a quantity of straw in the stable. He may be temporarily dazed and immediately recover, or he may die from cardiac syncope. Unless his disease was caused by his employment, his death does not arise out of his employment. Another teamster, suffering from the same disease in a form not sufficiently severe to cause him to do more than to slide from his seat to the pavement, breaks his bones or is killed. Then his injury arises out of his employment. If he had not been driving his wagon and fallen to the street, he would not have been hurt."

In Carroll v. What Cheer Stables Co., 38 R. I. 421, 96 A. 208, Ann. Cas. 1918B, 346, it appeared that a hack driver suffered from an attack of dizziness just before he fell from his hack, and this caused him to fall. The

evidence showed that he suffered from hardening of the arteries and Bright's disease. He was awarded compensation nevertheless under the statute for the injuries received from the fall. See, also, Rockford Hotel Co. v. Industrial Comm., 300 Ill. 87, 132 N. E. 759, 19 A. L. R. 80; where the accident resulted in part from epilepsy of the employee; Gonier v. Chase Companies, 97 Conn. 46, 115 A. 677, 19 A. L. R. 83; Cusick's Case, 260 Mass. 421, 157 N. E. 596; Baltimore Dry Docks Co. v. Webster, 139 Md. 616, 116 A. 842; President and Directors of Georgetown College v. Lillie M. Stone and Robert J. Hoage, Deputy Commissioner, 61 App. D. C. 200, 59 F.(2d) 875.

The decision of the lower court is affirmed.