## GENERAL INS. CORP v. WICKERSHAM.
### No. 15192.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 1, 1950.

Rehearing Denied Jan. 5, 1951.

216

Cantey, Hanger, Johnson, Scarborough & Gooch, J. Kirby Smith and J. Lee Johnson III, Fort Worth, for appellant.

J. Elwood Winters and Ernest May, Fort Worth, for appellee.

McDONALD, Chief Justice.

The appeal is from a judgment awarding workmen's compensation for the death of appellee's husband. Trial was to the court without a jury.

Three points of error are relied on. First, it is argued that the injury was not of a kind and character having to do with and originating in the work, business, trade or profession of the employer; second, that the court erred in fixing the wage rate; and third, that the mission on which the

employee was engaged at the time of his injury was not in furtherance of or necessarily or reasonably inherent in or incident to the conduct of the work or business of the employer.

Appellee's husband was employed as a janitor in a restaurant. His customary hours of work were from 10:30 or 11:00 in the evening to about 6:00 the following morning. He was also employed by another employer to act as a night watchman during the same hours in a suite of upstairs offices which were located above the restaurant premises. When he would come to work at the restaurant he would usually get the key to the upstairs offices from its customary resting place alongside the cash register in the restaurant, and make a visit to the offices, after which he would return to the restaurant. He came to the restaurant at about the usual time on June 9, 1949, began to sweep, and shortly afterwards left the restaurant. The evidence does not show whether he then went to the upstairs offices or not, but it does show without dispute that he went to an office on the third floor of a building across the street from the restaurant and used the telephone for some undisclosed purpose. The last mentioned office was one which stayed open all night, and the employee was acquainted with the man in charge of such office. He left this office, and in no longer time than would have been necessary to re-cross the street to the restaurant, entered the front door of the restaurant. Almost immediately after he went through the door of the restaurant he fell to the floor, which at the point of the fall was covered with tile. He died about four hours later. An autopsy revealed head injuries which the medical witnesses said caused his death. The evidence shows that he was in good health when he left home about 9:30 o'clock that evening; the man in charge of the office where the employee used the telephone just before he fell said that he appeared then to be in good physical condition; and the owner of the restaurant, who saw the employee just as he was falling, said that the employee did not then have any blood on him and did not give the appearance of having been hurt. There is no evidence of any injury having been received elsewhere.

The trial court found that as the employee returned to the restaurant he was about to resume sweeping when he suffered a dizzy spell and fell to the floor; that in the fall his head may have struck the cigar counter or door hinge, and that "it certainly struck the tile floor." He found that the employee's skull was fractured by the blow against one of these hard objects, and that the fracture caused death.

We doubt seriously if there is any evidence to support the finding of the court that the employee had a dizzy spell which caused him to fall. We are very much inclined to think that it is only by surmising and speculating that it can be said that he had a dizzy spell, or that a dizzy spell caused him to fall, and that the more reasonable interpretation of the evidence is that the fall is unexplained by any evidence in the record, and ought to be treated as an accidental one. But for the purposes of this opinion we shall assume that the fall was caused by a dizzy spell.

As is said in National Automobile & Cas. Ins. Co. v. Industrial Accident Commission, 75 Cal.App.2d 677, 171 P.2d 594, 595, "the authorities are overwhelming that where the injury is contributed to by some factor peculiar to the employment it arises out of the employment even though the fall has its origin solely in some idiopathy of the employee." See the many cases there cited. Our Supreme Court has so held in Garcia v. Texas Indemnity Ins. Co., 146 Tex. 413, 209 S.W.2d 333.

But, to quote again from the opinion in the California case first cited: "The courts in other jurisdictions seem about evenly divided on the question whether a traumatic injury suffered by his body striking the floor or ground is compensable where the fall was induced by the employee's idiopathic condition." Reference is made to the cases there cited. 171 P.2d at page 595.

The conflicting views in the cases where the employee is injured by falling on the floor or ground, as distinguished from falling from ladders, or into holes, or against objects other than the floor or

ground, are exemplified by the majority and dissenting opinions in Andrews v. L. & S. Amusement Corporation, 253 N.Y. 97, 170 N.E. 506, where compensation was denied, and in Savage v. St. Aeden's Church, 122 Conn. 343, 189 A. 599, where compensation was awarded. Other cases could be cited on both sides of the question, but the reasons given in them for denying or allowing compensation were substantially the same as those given respectively in the two opinions just cited, and in the dissenting opinions setting out in each case the contrary view.

The cases denying compensation do so on the theory that a floor presents no risk or hazard that is not encountered everywhere, and that such risks and perils as they do present are only those which confront all members of the public. The cases allowing compensation do so on the theory that the injury need not be the product of a peril or hazard which exposes the employee to extraordinary risk, in order to be compensable, and that the hazard presented by the floor renders the injury compensable, not because it should have been foreseen or expected, but because it is a hazard that is peculiar to the employment, and is one that is incidental to and grows out of the employment. To quote from the opinion in Savage v. St. Aeden's Church, supra: "The risk may be no different in degree or kind than those to which he may be exposed outside of his employment. The injury is compensable, not because of the extent or particular character of the hazard, but because it exists as one of the conditions of the employment." [122 Conn. 343, 189 A. 601.]

The excerpt just shown is quoted in the Garcia case, supra, 209 S.W.2d at page 337.

In the dissenting opinion in the Andrews case, supra, 170 N.E., beginning at page 508, it is said at page 509 that it is no longer a test to determine whether the employee was subject to an ordinary risk. To quote, "The test is the relation of the service to the injury, of the employment to the risk. * * * The risk need not be one peculiar to the injured employee nor one from which the general public is exempt." The dissenting opinion in the Andrews case, which coincides with the majority view in the St. Aeden's Church case, sets out that the question always is: Did the workman's employment require him to be in the place, whether on a floor or a walk or other structure, which caused the injury? The same conflict of views is seen in the majority and dissenting opinions in Stanfield v. Industrial Commission, 146 Ohio St. 583, 67 N.E.2d 446, where recovery of compensation was denied. Recovery was also denied in Cinmino's Case, 251 Mass. 158, 146 N.E. 245, 37 A.L.R. 769. But even in New York, Massachusetts and Ohio, recovery is allowed where the employee falls from a ladder, or into a hole, or against some object other than the floor, sidewalk or ground. It is our belief, and we so hold, that the attempted distinction between cases where the employee falls from a ladder, or into a hole, or against some object, and those where the employee falls to the ground or floor, is without a reasonable basis.

Both parties to the present appeal rely on expressions found in the opinion in the Garcia case, supra, 209 S.W.2d 333. The facts of that case brought it within the rule followed in most jurisdictions, to wit, that the injury is considered as having arisen out of the employment where the employee falls from a ladder, or into a hole, or against some object other than the floor or ground. The Court did not have before it the case of a fall to the ground or floor, concerning which, as is pointed out above, there is a conflict in the decisions. It is an unsafe practice to try to ascertain the attitude of a court toward a question of law which was not before it by reading what it had to say in a case involving some other question. The Garcia opinion is important in settling the problem whether Texas will follow the minority or majority rule with respect to allowance of compensation where a fall is due to a pre-existing idiopathic condition. We have read it carefully to find whether or not there is even any dicta bearing on the exact question which is before us. The Court cites cases from

jurisdictions which deny recovery and cases from other jurisdictions which allow recovery for injuries sustained in falls to the floor or ground, so it is apparent that the Court was making no effort in the Garcia case to choose as between the holdings in those jurisdictions on the question now before us, doubtless for the reason that it was not called on in the Garcia case to make such a choice. We do not, therefore, feel that isolated expressions taken from the Garcia opinion should be treated as authority on the exact question before us, although we may go so far as to say that we find nothing in the Garcia opinion contrary to the views expressed by us in this opinion.

A class of cases not altogether unlike the one before us are those arising out of the use of the streets in performing duties of employment. As pointed out in New Amsterdam Casualty Co. v. Hoage, 61 App.D.C. 306, 62 F.2d 468, in the early administration of compensation laws the rule was often adopted that injuries occurring upon the public highways did not arise out of the employment, because such hazards were common to the public and were not incident to the particular employment. Now, however, it is held by the great weight of authority that if an employee in the course of his employment has to pass along the public streets and thereby sustains an accident by reason of the risks incident to the streets, the accident arises out of as well as in the course of his employment. Texas follows the majority rule in the street risk cases. Texas Employers' Ins. Ass'n v. Herron, Tex.Civ.App., 29 S.W.2d 524.

We can find no sound reason for denying a recovery where the fall is to the floor, when recovery is allowed where the fall is from a ladder, or platform or similar place, or into a hole, or against some object such as a table, machine, or post. Suppose the employee had fallen against a counter or showcase. It seems clear that a recovery would be allowed under the Garcia case, and even under the cases from New York, Massachusetts and Ohio. What difference can it make that the employee's head struck a tile floor, rather than some object a few inches above or below the level of the floor? If it be argued that recovery should be denied because the employee might have fallen on a floor at home or other place than the place of employment, it can be said that he might have fallen against a table or countless other objects at some place other than the restaurant. If it be argued that the peril of falling to the floor was one which the employee shared with the general public, it can be said that the general public was as likely as was the employee to fall against a counter, showcase, or other object in the restaurant.

The arguments for and against recovery are set out fully in the opinions and dissenting opinions in the cases we have cited, and it is not necessary to repeat here all that has been said on the question. It is necessary, in order to decide the present case, to choose between the two conflicting lines of authority. It is our belief that the rule more in harmony with the letter and the spirit of the holdings of the Texas courts is the one allowing a recovery. We do not undertake to say here whether or not a recovery should be allowed in every case in which an employee, due to illness or for some similar reason, suffers injuries in a fall to the ground or floor, but we do hold that the evidence in the present case is sufficient to support the judgment awarding compensation.

Under the third point appellant argues that the employee was not at the time of his injury engaged in furtherance of the work or business of his employer. As above stated, there is evidence, and a finding by the court, that the employee had begun sweeping before he left to go across the street. There is no evidence that he was on a mission for his employer when he went across the street, and it is undisputed that he had not resumed his sweeping after his return because he fell just after entering the doorway of the restaurant. It appears to be the rule that accidental injuries suffered by the employee while entering or leaving the building or plant where he works are generally deemed to have arisen out of and in the course of employment within the meaning of the

workmen's compensation laws. 58 Am. Jur. 726. The injury is not compensable if received during a deviation by the employee from the course and scope of his employment, but after the deviation is over, injuries thereafter received are compensable. 45 Tex.Jur. 459.

■ Appellee pleaded that the employee worked the whole of the year preceding the injury, and that his average weekly wage was $40 per week. The evidence showed without dispute that he had worked at the same job for more than a year, seven days per week, that he was paid $20 per week, and that he was given two meals per day of the value of 75¢ each. Since he worked seven days per week, the value of his meals was $10.50 per week. The court found a weekly wage rate of $30.50 as fair and just to both parties. Appellant argues at considerable length in its brief that the trial court had no right to fix the wage rate under the third subdivision of Article 8309, Sec. 1, in the absence of pleading or proof negativing the applicability of the first and second subdivisions. No reversible error is presented under this contention. The value of the meals was a part of the weekly wage. Article 8309, Sec. 1, sub. 4. The wage computation as alleged, proved, and found by the court, was proper under such cases as Casualty Reciprocal Exchange v. Stephens, Tex.Com.App., 45 S.W.2d 143. No question as to pleadings is involved on appeal, since appellant failed to except to the pleadings or make any objection during the trial as to them. Rules 67 and 90, Texas Rules of Civil Procedure. The proof brought the case squarely within the rule of the Stephens case, that is to say, the applicable weekly wage rate, it being shown that the employee worked seven days per week, was one fifty-second part of the annual wage. The weekly wage being uniform during the year, the weekly wage itself was obviously one fifty-second part of the annual wage. See also Texas Employers' Ins. Ass'n v. Clack, 134 Tex. 151, 132 S.W.2d 399; and Texas Employers' Ins. Ass'n v. Derrick, Tex. Civ.App., 207 S.W.2d 199, writ ref. n. r. e.

In any event, since it appears from the undisputed evidence that the same weekly wage rate would have to be found on another trial under the cited decisions, it is difficult to see how any supposed error with respect to the wage rate could be called harmful, Rule 434, or how appellant could be benefitted by another trial on the issue.

■ In addition to being employed as janitor at the restaurant, appellee's husband was also employed to act as night watchman by the occupant of a suite of offices upstairs over the restaurant premises, and was paid $25 per month for such services. The policy of compensation insurance did not cover the employees of the occupant of said offices. The restaurant operator testified that it had been a customary practice for some time for him and the occupant of said offices to employ the same man in the respective jobs of janitor and night watchman. By a cross-point of error in her brief appellee charges that the trial court erred in failing to take into consideration the salary paid to her husband as night watchman in fixing the wage rate. We find no error in this respect. It is obvious that a part-time workman would not in some cases be limited to compensation based on the amount he received per year from the part-time employment in which he was injured, but when we examine the pleadings we see that appellee made no reference to the employment as night watchman, but alleged that her husband was employed at the restaurant, that the restaurant operator carried workmen's compensation insurance issued by appellant, that her husband had worked for the whole year in the employment in which he was working on the day of the accident, and that his average weekly wages were $40. Except for the fact that the proof showed weekly wages in an amount less than that pleaded, it is apparent that the judgment was based on the case made by appellee's pleadings, and it is our opinion that there was no error in rendering judgment on such basis.

The judgment is affirmed.