[L. A. No. 22765. In Bank. Nov. 13, 1953.]

EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and FRED E. GIDEON, Respondents.

Spray, Gould & Bowers and C. W. Bowers for Petitioner.

Keith, Creede & Sedgwick and W. N. Mullen, as Amicus Curiae on behalf of Petitioner.

Edmund J. Thomas, Jr., and T. Groezinger for Respondents.

CARTER, J.—A panel of the Industrial Accident Commission denied workmen's compensation to the applicant, Fred E. Gideon, employee of Douglas Aircraft Company, Inc., on the ground that, while the head injury suffered by him occurred in the course of his employment, it did not arise out of it. On reconsideration, it found the injury both occurred in the course and arose out of the employment and awarded compensation. That award is here for review.

The facts are not disputed. Gideon was on the job on his

employer's premises and working for his employer. He was suffering from a headache after returning from the employer's dispensary where he had obtained aspirin to relieve it, and while walking down an aisle on his employer's premises, he had an idiopathic seizure not connected with his employment, which caused him to fall to the concrete floor and strike his head thereon, causing the injuries to his head for which compensation was awarded. There is no question that the injury occurred in the course of the employment. The dispute is whether it arose out of his employment.

It is settled in this state and elsewhere that an injury suffered from a fall on the employer's premises, in the course of employment, from a height or on or against some object, arises out of the employment and is compensable, even though the fall was caused by an idiopathic condition of the employee (*National Auto. etc. Ins. Co.* v. *Industrial Acc. Com.*, 75 Cal.App.2d 677 [171 P.2d 594], where numerous authorities are cited), and it is pointed out that *Brooker* v. *Industrial Acc. Com.*, 176 Cal. 275 [168 P. 126, L.R.A. 1918F 878], to the contrary, is no longer the law since *G. L. Eastman Co.* v. *Industrial Acc. Com.*, 186 Cal. 587 [200 P. 17], and *California etc. Co.* v. *Industrial Acc. Com.*, 59 Cal.App. 225 [210 P. 524] (see cases collected in Horovitz on Workmen's Compensation, p. 144 et seq.; Horovitz, Current Trends in Workmen's Compensation, p. 649 et seq.; Schneider's Workmen's Compensation (Text—Perm. Ed.), § 1376). The reasoning of those authorities is that the injury for which compensation is sought, was caused by the impact of the employee's body with an object or surface of the employer's premises, and hence arose out of the employment, because such injury was an incident thereof, although the fall may also have been a causal factor which had no connection with the employment. That reasoning is equally applicable where the fall is merely to the floor or ground, in the course of the employment, and death or injury results from striking the floor or ground. It has been held that such injury arises out of the employment, and is compensable, although the fall was caused by a disease of the employee, having no relation to the employment. (See *Barlau* v. *Minneapolis-Moline Power Implement Co.*, 214 Minn. 564 [9 N.W.2d 6]; *President & Directors of Georgetown College* v. *Stone*, 61 App.D.C. 200 [59 F.2d 875]; *Savage* v. *St. Aeden's Church*, 122 Conn. 343 [189 A. 599]; *Rockford Hotel Co.* v. *Industrial Com.*, 300 Ill. 87 [132 N.E. 759, 19 A.L.R. 80]; *General Ins. Corp.* v. *Wicker-*

*sham,* (Tex.Civ.App.) 235 S.W.2d 215, writ of error refused, 149 Tex. 679; *Tapp* v. *Tapp,* 192 Tenn. 1 [236 S.W.2d 977]; *Burroughs Adding Mach. Co.* v. *Dehn,* 110 Ind.App. 483 [39 N.E.2d 499]; *Burton-Shields Co.* v. *Steele,* 119 Ind.App. 216 [83 N.E.2d 623, 85 N.E.2d 263]; *Watson* v. *Grimm,* —— Md. —— [90 A.2d 180]; *New Amsterdam Cas. Co.* v. *Hoage,* 61 App.D.C. 306 [62 F.2d 468]; cert. denied, 288 U.S. 608 [53 S.Ct. 400, 77 L.Ed. 982]; *Protectu Awning Shutter Co.* v. *Cline,* 154 Fla. 30 [16 So.2d 342]; Horovitz, *Stepping and Falling,* 4 N.A.C.C.A. Law Journal 64; Schneider's Workmen's Compensation (Text—Perm.Ed.), § 1376.) In *General Ins. Corp.* v. *Wickersham, supra,* the court said: "The conflicting views in the cases where the employee is injured by falling on the floor or ground, as distinguished from falling from ladders, or into holes, or against objects other than the floor or ground, are exemplified by the majority and dissenting opinions in *Andrews* v. *L. & S. Amusement Corporation,* 253 N.Y. 97, 170 N.E. 506, where compensation was denied, and in *Savage* v. *St. Aeden's Church,* 122 Conn. 343, 189 A. 599, where compensation was awarded. . . .

"The cases denying compensation do so on the theory that a floor presents no risk or hazard that is not encountered everywhere, and that such risks and perils as they do present are only those which confront all members of the public. The cases allowing compensation do so on the theory that the injury need not be the product of a peril or hazard which exposes the employee to extraordinary risk, in order to be compensable, and that the hazard presented by the floor renders the injury compensable, not because it should have been foreseen or expected, but because it is a hazard that is peculiar to the employment and is one that is incidental to and grows out of the employment. . . .

"It is our belief, and we so hold, that the attempted distinction between cases where the employee falls from a ladder, or into a hole, or against some object, and those where the employee falls to the ground or floor, is without a reasonable basis." There are cases to the contrary but the modern trend is definitely in accordance with the view above expressed.

The contrary holdings in denying compensation overlook several important principles. Though an injury to be compensable must arise out of the employment, that is, occur by reason of a condition or incident of employment, the injury need not be of a kind anticipated by the employer nor

peculiar to the employment in the sense that it would not have occurred elsewhere. (*Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 26 Cal.2d 286 [158 P.2d 9, 159 A.L.R. 313]; *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 19 Cal.2d 622 [122 P.2d 570, 141 A.L.R. 798].) If we look for a causal connection between the employment and the injury, such connection need not be the sole cause; it is sufficient if it is a contributory cause. (*Colonial Ins. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 79 [172 P.2d 884].) Where a person is required to be on the streets in the course of his employment and falls to the street, the resulting injury arises out of the employment. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 194 Cal. 28 [227 P. 168].) And finally ". . . reasonable doubts as to whether an injury is compensable are to be resolved in favor of the employe." (*Truck Ins. Exch.* v. *Industrial Acc. Com.*, 27 Cal.2d 813, 816 [167 P.2d 705]; *Lumbermen's Mut. Cas. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 492 [175 P.2d 823]; *Industrial Indem. Exch.* v. *Industrial Acc. Com.*, 26 Cal.2d 130 [156 P.2d 926].)

 Thus in the instant case it is not a ground for annulling the award of compensation that the employee might have had a fall (resulting in bodily injury) caused by an idiopathic condition but occurring at home, on the street or elsewhere when he was tending to his private affairs. The fact remains that he injured himself while at work, on his employer's premises, the injury being the striking of his head against the floor, a condition incident to the employment. His condition may have been a contributory cause but it was not the sole cause of his injury. It would not be doubted that if an employee fell to the ground or floor in the course of his employment, and as a result was injured, the injury would be compensable whether the cause of the fall was a slippery or defective floor, or was due to nothing more than his innate awkwardness or even carelessness. Certainly, resolving all doubts in favor of the commission's finding that the injury arose out of the employment, compels an affirmance of the award.

Award affirmed.

Gibson, C. J., Shenk, J., and Traynor, J., concurred.

SPENCE, J.—I dissent.

The uncontradicted evidence, as stated in the majority opinion, shows that the injured employee, while walking down an aisle on his employer's premises, "had an idiopathic seiz-

ure not connected with his employment, which caused him to fall to the concrete floor and strike his head thereon, causing the injuries to his head for which compensation was awarded." I am of the opinion that the record is wholly devoid of any evidence to sustain the essential finding that such injury was one "arising out of . . . the employment" (Lab. Code, § 3600); and that therefore the award must be annulled.

The decisions of this court clearly demonstrate that a liberal construction has been placed upon the phrases "in the course of the employment" and "arising out of the employment" in line with the statutory direction. (Lab. Code, § 3202.) But there comes a point where so-called liberal construction, if carried beyond permissible limits, can result in nullification of express statutory requirements; and in my view, such point has been reached in the majority opinion. It is clear that the statutory phrases "in the course of the employment" and "arising out of the employment" were not intended to be identical in meaning; but the result of the majority opinion is to make compensable every injury arising out of an idiopathic seizure, provided only that it occurs "in the course of the employment." Hence the requirement that the injury must also be one "arising out of the employment" is in effect eliminated from the statute.

It is true that the courts have encountered difficulty in construing that phrase, but the courts of this state have not heretofore gone so far as to render it meaningless. In many of the "fall" cases mentioned in the majority opinion, the cause of the fall was unknown. In some, the employee fell from equipment furnished by the employer. In others, the employee fell onto or against the equipment of the employer or into an opening or other hazard encountered at the place where the employee was performing his work. The reasoning of some of the cases, like that in the majority opinion, is not entirely clear. But in every well considered case in which an injury resulting from a fall has been held compensable as arising out of the employment, the evidence was such that it might reasonably be inferred either (1) that the fall resulted, at least in part, from some activity connected with the employment or (2) that the ensuing injury resulted, at least in part, from some peculiar condition or hazard which the employee encountered as an incident to this employment. In the absence of any evidence from which one or the other of these two inferences can be drawn, there can be no basis for a

finding that the injury was one "arising out of the employment."

In the present case the uncontradicted evidence shows that the fall resulted solely from an idiopathic seizure which was in no way connected with the employment; and that the ensuing injury resulted solely from striking the floor. It is therefore clear that neither of the above inferences may be drawn. The mere existence of an ordinary floor, which has no relation to the injury other than to furnish the landing place for an employee who suffers an "idiopathic seizure not connected with his employment," cannot fairly be said to constitute a peculiar condition or hazard incident to the employment so as to meet the above-mentioned requirements.

If as a matter of policy, every injury sustained in the course of the employment is to be made compensable, the Legislature rather than the courts should make that determination. But as long as the statute expressly makes the additional requirement that the injury be one "arising out of the employment," the courts should not, under the guise of liberal construction, ignore the statutory mandate.

I would therefore annul the award.

Edmonds, J., and Schauer, J., concurred.

Petitioner's application for a rehearing was denied December 10, 1953. Edmonds, J., Schauer, J., and Spence, J., were of the opinion that the petition should be granted.