BERTHA PORTER *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

While the plaintiff's husband, a fireman employed by the defendant city, was standing in the door of his engine-house, a substitute fireman, who was not then on duty and was merely a visitor upon the premises, pushed him from behind in a spirit of fun and he fell striking his head upon the concrete floor. Thereafter he complained frequently of pains in his head and, about two years later, died. *Held* that in the absence of a finding that

Porter *v*. New Haven.

the injury was the cause of her husband's death, the plaintiff was not entitled to compensation; and that even if such a finding had been made, the injury could not be said to have arisen out of his employment, since it was not a natural or necessary consequence or incident of the employment or of the conditions under which it was required to be performed, but, was rather the result of a risk to which anyone might have been subjected without regard to place, time or employment.

Argued October 29th—decided December 16th, 1926.

APPEAL by the plaintiff from a finding and award of the compensation commissioner for the third district in favor of the defendant, taken to the Superior Court in New Haven County and tried to the court, *Ells, J.;* judgment rendered dismissing the appeal and affirming the award, from which the plaintiff appealed. *No error.*

*Joseph Shelnitz,* for the appellant (plaintiff).

*Harry G. Tolliver,* for the appellee (defendant).

HAINES, J.   The finding shows that on the 20th day of July, 1923, George Porter, the decedent husband of the claimant, was, and for several years had been, a fireman in the employ of the respondent, and both were subject to the provisions of Part B of the Workmen's Compensation Act.   On the day in question, while standing in the doorway of the engine-house in which the decedent was employed, a man entering from another door, came up behind Porter and pushed him in a spirit of fun; Porter fell on the concrete floor, striking the back of his head and rendering him unconscious.   The man who pushed Porter was a substitute fireman who was visiting there and not on duty at the time.   Porter lost no time as a result of the injury, but complained frequently thereafter of pains in his head. He died July 10th, 1925, and the claimant contended that there was a causal relation between the blow on

the head and the death. The finding states: "No ruling is made upon this claim." There is no finding as to the cause of the death of Porter, and therefore no basis here for a claim that his fatal injury arose in the course of or out of the employment. Without a finding that the pushing caused his fall, and his death was the result of the fall, no award to the claimant could be made, and it is obvious that the present appeal could properly be dismissed, or the case returned to the commissioner for further finding.

Counsel, however, have argued the appeal as though the finding was complete, and since, even if the commissioner had found that death resulted from the injury, our conclusion would be that the claimant could not prevail, we briefly state the basis of our conclusion.

The commissioner decided that the injury arose in the course of the employment, and this was manifestly correct. He held, however, that the injury did not arise out of the employment, and it is upon this issue that arguments have been presented. "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. The injury is thus a natural or necessary consequence or incident of the employment or of the conditions under which it is carried on. Sometimes the employment will be found to directly cause the injury, but more often it arises out of the conditions incident to the employment. But in every case there must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment." *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, 263, 108 Atl. 799; *Larke* v. *Hancock Mutual Life Ins. Co.*,

90 Conn. 303, 309, 97 Atl. 320; *Mann* v. *Glastonbury Knitting Co.,* 90 Conn. 116, 119, 96 Atl. 368; *Jacquemin* v. *Turner & Seymour Mfg. Co.,* 92 Conn. 382, 385-387, 103 Atl. 115; *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 49, 115 Atl. 677; *Madore* v. *New Departure Mfg. Co.,* 104 Conn. 709, 713, 134 Atl. 259.

It is clear that the injury was contemporaneous with the employment, but it did not result from the employment or from any condition existing in connection with the employment, and could not reasonably have been anticipated. The man who pushed Porter was not a fellow employee. There is no significance in the fact that he was also a fireman. He was not on duty, and so far as Porter was concerned, he was merely a visitor, and the legal aspect of the incident would have been the same had he been a stranger. Porter was not subjected by his employment to any greater risk of receiving such an injury than if he had been on the street or in his own home. The causative danger was not "peculiar to the work and not common to the neighborhood." Harper, Workmen's Compensation, 2d Ed. (1920) p. 60. It was a risk to which anyone might have been subjected without regard to place, time or employment. It was not a risk incidental to his employment as a fireman nor to the conditions under which he was required to perform his duties, and there was no causal connection between the injury and the employment.

Since Porter's injury, though it arose in the course of the employment, did not arise out of the employment within the meaning of the Workmen's Compensation Act, an essential ground upon which to base an award is lacking. This being so, it is unnecessary to consider other aspects of the case.

There is no error.

In this opinion the other judges concurred.