CHARLOTTE SAVAGE *vs.* ST. AEDEN'S CHURCH ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

(*Two judges dissenting.*)
Argued December 1st, 1936—decided January 8th, 1937.

*Harry M. French,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellants (defendants).

*John Clark FitzGerald,* with whom, on the brief, were *David E. FitzGerald* and *David E. FitzGerald, Jr.,* for the appellee (plaintiff).

BANKS, J. Joseph Savage was in the employ of the defendant St. Aeden's Church, and on the morning of

October 21st, 1935, entered the rectory of the church shortly after 8 o'clock. He was not seen alive again. About half-past 4 that afternoon his body was found on the floor of the recreation room which was in the basement of the rectory. He was lying flat on his back, his overalls partly on, a painter's cap by his head, and on the pool-table near by his bag with the paint brushes he expected to use in his work at the rectory. He had apparently fallen backward on the concrete floor and fractured his skull. The commissioner found that the proximate cause of his death was the fracture of his skull upon the concrete floor, and that the cause of his fall was unknown, though he also found that on August 9th, 1934, he was suffering from a cystolic murmur at the apex of his heart. He further found that the fatal injury arose out of and in the course of the employment.

That Savage's injury was suffered in the course of his employment appears not to be questioned. So far as appears it occurred within the period of the employment, at a place where he might reasonably be, and while he was reasonably fulfilling the duties of the employment or doing something incidental to it. *Ryerson* v. *Bounty Co.*, 107 Conn. 370, 372, 140 Atl. 728. Defendants contend that it did not arise out of the employment. "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incidental to it, or to the conditions under which it is required to be performed." *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, 263, 108 Atl. 790. This presupposes a causal connection between the employment and the injury. *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 309, 97 Atl. 320. Our Compensation Act now provides that personal injuries shall not be

deemed to arise out of the employment "unless causally traceable" to it. General Statutes, § 5223.

The commissioner has found that the proximate cause of decedent's injury was the fracture of his skull on the concrete floor which resulted from his fall. The claim of the defendants is that, if the fall was due to causes outside of the employment, the resulting injury was not due to a hazard of the employment, and there can be no recovery. Defendants seek a correction of the finding that the cause of plaintiff's fall was unknown, to the effect that it was due to a fainting spell or a heart attack, which was the opinion of the doctor who had treated him in 1934 and subsequently, and who examined the body after he was found dead. Whether or not the correction is made is immaterial. The burden is upon the plaintiff to prove that decedent's injuries were due to a hazard of his employment. If they were proximately caused by a heart attack, or by some unknown cause, there is a failure to prove that they arose out of the employment. The question, then, is whether the fall or a heart attack, or some other occurrence outside the course of the employment, caused the injury.

The question is one of proximate causation, and is answered by our decision in *Gonier* v. *Chase Companies, Inc.*, 97 Conn. 46, 115 Atl. 677. In that case an employee who had been subject to fainting spells was killed as a result of a fall from a staging upon which he was working. The case came to this court on a reservation, one of the questions asked being: "Did the death of Gonier resulting from a fall from the staging, caused by a temporary unconsciousness due to disease, constitute an injury arising out of his employment?" We answered the question in the affirmative, holding that an injury received in the course of the employment does not cease to be one

arising out of the employment merely because some infirmity due to disease has originally set in action the final and proximate cause of the injury. The employer of labor takes his workman as he finds him and compensation does not depend upon his freedom from liability to injury through a constitutional weakness or latent tendency. "Whatever predisposing physical condition may exist, if the employment is the immediate occasion of the injury, it arises out of the employment because it develops within it." *Hartz* v. *Hartford Faience Co.*, 90 Conn. 539, 543, 97 Atl. 1020; *Richardson* v. *New Haven,* 114 Conn. 389, 392, 158 Atl. 886. Here, as in the *Gonier* case, the fall was the immediate cause of the injury; and the constitutional weakness of the employee, which was claimed by the defendants to be the cause of the fall, is not an element to be considered in determining whether the injury arose out of the employment. In this, both cases differ from the case of *Porter* v. *New Haven,* 105 Conn. 394, 135 Atl. 293, cited by the defendants, where a fireman standing in the door of the engine house where he was employed was pushed by another who was not a fellow employee and fell on the concrete floor. This phase of the present case is governed by the *Gonier* case rather than the *Porter* case.

The defendants contend that even though the fall was the proximate cause of decedent's injuries, they did not arise out of his employment. The claim is that there was no defect in the concrete floor or other dangerous condition liable to cause injuries, that Savage was not subject to any greater risk than if he had been on the street or in his home, and consequently his injuries were not the result of a hazard peculiar to his employment.

An injury which occurs in the course of the employment ordinarily arises out of the employment, because

the fact that the employee is in the course of his employment is the very thing which subjects him to the risks which are incident to the employment. *Reeves* v. *Dady Corporation*, 95 Conn. 627, 631, 113 Atl. 162. An act or omission for the exclusive benefit of the employee or of another than the master is not ordinarily a risk incident to the employment. *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 309, 97 Atl. 320. Thus, in *Porter* v. *New Haven, supra,* the risk of being pushed by a stranger was not any greater by reason of his employment than if he had been on the street or in his own home and therefore was not a risk incident to his employment. So, too, when an employee voluntarily departs from his duties, as by engaging in a fight with a fellow employee, his injuries result from his own act and have their origin in a risk which he has created and which has no causal connection with his employment. *Jacquemin* v. *Turner & Seymour Mfg. Co.*, 92 Conn. 382, 386, 103 Atl. 115. Also, of course, death from natural causes, although occurring in the course of the employment, has no causal connection with it, as would have been the case here if a heart attack had been the direct cause of Savage's death rather than the fall to the concrete floor. But, aside from situations such as these, where the injury arises from a cause which has no connection with the employment, an injury arising in the course of the employment ordinarily is the result of a risk incident to the employment.

The hazard is peculiar to the employment because it is incidental to and grows out of the conditions of the employment and not because it should be foreseen or expected, or because it involves danger of serious bodily injury. We have never held that the conditions of the employment must be such as to expose the employee to extraordinary risks in order to entitle him to

compensation in case of injury. The risk may be no different in degree or kind than those to which he may be exposed outside of his employment. The injury is compensable, not because of the extent or particular character of the hazard, but because it exists as one of the conditions of the employment. Thus, in *Ryerson* v. *Bounty Co.*, 107 Conn. 370, 140 Atl. 728, it was the duty of a watchman in defendant's stables to mix feed for the horses, which he did in one of the rooms in which he lived over the stable. He had prepared the mixture, and was about to descend to the stables to give it to the horses when, in attempting to sit down in a rocking chair in order to tie his shoe string, he slipped and fell to the floor fracturing his hip. We held that his injury arose out of his employment. Obviously the hazard to which he was exposed was not different in nature or extent from that to which each one of us is exposed every day of his life, but the injury was compensable because the hazard was incidental to the work upon which he was then engaged. In *Fiarenzo* v. *Richards & Co.*, 93 Conn. 581, 585, 107 Atl. 563, we said: "Had the deceased slipped and been injured while walking from one place of work to another on his employer's premises in the course of his work, it would hardly be claimed that the injury did not arise out of the employment." It is not necessary that the place where the employee is working be in itself a dangerous one. It is enough if it turns out that there was a hazard from the fact that the accident happened. The height from which the employee fell would not change the liability, though it might aggravate the extent of the injury. Compensation was awarded in the *Gonier* case, not because his employment brought him upon a scaffold, a fall from which would expose him to serious injury, but because the possibility of a fall while engaged in his work was one of the hazards

of his employment. The decision would have been the same had the fall been, as in the present case, simply to the floor upon which the employee was standing.

The case of *Reeves* v. *Dady Corporation,* 95 Conn. 627, 113 Atl. 162, upon which defendants rely, was decided upon the point that, at the time the employee fell from the doorway, he had temporarily departed from the course of his employment. Our decisions make it clear that we have adopted a broader conception of employment, and the nature of the risks arising out of it, than is the case in some other jurisdictions, and an adherence to the spirit of those decisions requires a conclusion that the commissioner did not err in holding that decedent's injuries arose out of and in the course of his employment.

There is no error.

In this opinion MALTBIE, C. J., and AVERY, J., concurred.

HINMAN, J. (dissenting). I am unable to concur in the majority opinion for the reason that it appears to me in practical effect to abrogate an element hitherto regarded as essential to a finding that an injury arose out of the employment, viz.: that it must have been causally due to conditions of the employment which are peculiar thereto "and not such exposures as the ordinary person is subjected to. . . . If the employment brings with it no greater exposure to injurious results . . . than those to which persons generally in that locality, whether so employed or not, are equally exposed, there is no causal connection between the employment and the injury; but when 'the employment brings with it greater exposure and injury results,' the injury does arise out of its employment." *Larke* v. *Hancock Mutual Life Ins. Co.* (1916) 90 Conn. 303,

310, 97 Atl. 320. Numerous subsequent cases evidence that such a risk involved in the particular employment and a causal relation between it and the injury consistently have been held requisite to a conclusion that the injury arose out of the employment.

In *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 115 Atl. 677, the danger of falling from the scaffolding upon which Gonier's employment brought him clearly was such a risk (p. 54) and I cannot agree that the decision would have been the same had he been simply standing on a floor, as in the present case. In *Porter* v. *New Haven,* 105 Conn. 394, 135 Atl. 293, it was said (p. 397) that the risk was one "to which anyone might have been subjected without regard to place, time or employment." "Porter was not subjected by his employment to any greater risk of receiving such an injury than if he had been on the street or in his own home. The causative danger was not 'peculiar to the work and not common to the neighborhood.'" I contend that this comment pertains to such risk as was involved in Porter's standing on the concrete floor instead of, or at least as well as, that of being pushed by a stranger, as the majority construe it, and that this consideration is equally applicable in the present case and should be held, as there, to require a conclusion that the injury did not arise out of the employment. In *Ryerson* v. *Bounty Co.,* 107 Conn. 370, 140 Atl. 728, no question of risk peculiar to the employment appears to have been raised before the commissioner or in the Superior Court, the sole question relied on by the claimant on his appeal to this court was whether or not his act in quitting, temporarily, his specified duties to fix his shoe string was such a departure from his employment as to defeat his right to compensation (335 Supreme Court Records & Briefs, p. 802) and in

the opinion attention and discussion was devoted to that question.

In *Cinmino's Case*, 251 Mass. 158, 146 N. E. 245, where an employee, for some physical reason not connected with his employment, reeled and fell on a concrete floor fracturing his skull, it was said: "To hold that a concrete floor in a place of employment is a . . . hazard which arises out of an employment, would require a further holding, when occasion arose, that any flooring of any material is a hazard of employment against which the statute gives compensation. . . . The causal relation in such a case is too remote and speculative for practical application." In *Andrews* v. *L. & S. Amusement Corp.*, 253 N. Y. 97, 170 N. E. 506, where an employee while walking on a cement sidewalk in the course of his employment suffered an epileptic seizure which caused him to fall, striking his head on the walk and fracturing his skull, the court pertinently inquired (p. 100): "Where was there any added risk due to the employment? The same result might have followed if he had been coming to or going from his employment, or even in his own house, if he had fallen and struck his head on a chair, table or other hard substance. . . . The injury resulted from no added risk because of his employment." To like effect is the factually similar case of *Lander* v. *British United Shoe Machinery Co., Ltd.*, 26 B. W. C. C. 411, in which Lawrence, L. J. (p. 421) observed: "The workman was as safe on the brick floor of the lavatory as he would have been . . . in the street, or in fact at any other position in which a man ordinarily has to stand or walk. I agree with Lord Salvesen [*Wright & Grieg, Ltd.* v. *M'Kendry*, 11 B. W. C. C. 402, 419] that if it were enough in circumstances like the present to say that the fall was the accident, and that this was the proximate cause of the injury, and

that it was unnecessary and irrelevant to inquire further, the words 'arising out of the employment' might as well be erased from the Act."

In this opinion Brown, J., concurred.