The HOME INSURANCE COMPANY, Appellant,

v.

Inez BURKHALTER et al., Appellees.

No. 8035.

Court of Civil Appeals of Texas, Texarkana.

Nov. 9, 1971.

Rehearing Denied Nov. 30, 1971.

Howard Waldrop, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Cahill Hitt, Hitt & Pesek, Texarkana, for appellees.

RAY, Justice.

Appellant (plaintiff) The Home Insurance Company brought suit to set aside an order of the Industrial Accident Board which awarded death benefits under the Texas Workmen's Compensation Act. The suit was brought against Inez Burkhalter, individually and as the surviving widow of Vernon Webster Burkhalter, and as next friend for Judith Ann Burkhalter, the surviving minor child of the deceased. Appellee counterclaimed against The Home Insurance Company as the Workmen's Compensation carrier for Dixie Builder's Inc., Mr. Burkhalter's employer. On January 2, 1970, at approximately 2:30 p. m., Mr. Burkhalter died while on the job as a carpenter's foreman for Dixie Builder's Inc. Based on the jury's answers to special issues, the trial court entered judgment for appellees on their counterclaim against appellant insurance company. The trial court overruled appellant's amended motion for nev trial, and appellant has duly perfected its appeal to this court. There are five points of error presented by appellant for review.

Appellant's first point of error concerns whether or not special issue No. 2 in the court's charge was submitted in proper form. That issue was inquiring of the jury whether or not the injury was accidental. Appellant complains of the instruction of the court defining "accidental" to be an "undesigned, unforeseen or unexpected occurrence or mishap which can be traced to a definite time, place *or* cause."

In the supplemental transcript appear appellant's objections to special issue No. 2. The objection relied upon relative to point of error No. 1 is as follows:

"(e). For the reason that said issue is not in proper form, and in the form submitted constitutes a comment upon the evidence by the court."

We do not believe that the quoted objection was sufficiently specific, and was therefore waived. Rule 274, Texas Rules of Civil Procedure. An objection to meet the requirements of Rule 274, must be such that the trial court can determine in exactly what manner the charge or instruction needs to be changed. In this case, it would have been easy for appellant to point out that the word "or" should have been changed to the word "and."

We further do not believe that appellant's first point of error is well taken because if the instruction were erroneous it was certainly harmless error, since appellee sufficiently proved the time and place of the heart attack of Vernon W. Burkhalter, deceased, and that evidence was not contested nor contradicted. The only thing left for the jury to determine was the cause of the injury. We do not feel that the jury was confused or misled by the instruction under the facts of this case. When the facts are undisputed and uncontroverted relative to time and place we do not feel that it is even necessary to include in the definition of "accidental" the words "time" and "place," so that accidental could be defined as an undesigned, unforeseen, or unexpected occurrence or mishap which can be traced to a definite cause.

We have concluded that in the type of case here presented, it is not necessary to submit an inquiry to the jury for them to decide whether or not the injury was "accidental." An eminent jurist, Chief Justice Bell, stated for the court in Aetna Insurance Company v. Hart, 315 S.W.2d 169 (Tex.Civ.App. Houston 1st 1958, wr. ref'd, n. r. e.), "There is nothing in the Workmen's Compensation Act which requires that the injury be the result of an accident. Art. 8306, Texas Revised Civil Statutes." The court further stated:

"We think the effect of the many decisions. is that if an injury is shown to have been received by an employee while he is acting within the course of his employment and such injury is the result of a risk or hazard of the employment, it is compensable under the Workmen's Compensation Act.

"It will be found in most cases that the court submits a special issue to determine whether the injury was accidental, and defines an accident as something occurring suddenly, unexpectedly, and undesignedly. However, what the court is really seeking to determine is whether the proof shows an injury attributable to a risk of the employment and one which is not due to an intentional wrong, or to one of the other specifically excepted situations set out in Art. 8309, Sec. 1, V. A.T.S. It is a matter of causal relation between a risk or hazard of the employment and the claimed injury."

Since there was no contention by appellant that Burkhalter's death was not an "injury sustained in the course of employment," or that his death resulted from one of the four exceptions listed in Art. 8309, Sec. 1, Vernon's Ann. Texas Revised Civil Statutes, it was not necessary to submit special issue No. 2. Appellant's point of error No. 1 is therefore overruled.

Appellant's remaining points of error state concisely the following:

There is no evidence in the record to sustain the jury's verdict that Mr. Burkhalter suffered an accidental injury;

The evidence is insufficient to support the jury findings that Mr. Burkhalter sustained an accidental injury;

The jury's finding that Mr. Burkhalter sustained an accidental injury is against the overwhelming weight and preponderance of the evidence.

A review of the testimony shows that the jury was justified in arriving at its verdict in favor of appellees. We quote extensively from Aetna Insurance Company v. Hart, supra, because the law as reviewed in that case so adequately fits the fact situation in this case. The court there stated:

"Our Supreme Court in the case of Garcia v. Texas Indemnity Company, 146 Tex. 413, 209 S.W.2d 333, 337, had before it the question of whether an injury received by an employee, when he fell against a post on the employer's premises after he had an epileptic seizure, was a compensable injury. It was contended there was no accidental injury growing out of a risk of his employment since epilepsy caused the fall. The court, in overruling such contention, said:

" 'Danger of injury from a fall at some other place might have been no less, but it certainly was not the same. See Connelly v. Samaritan Hospital et al., supra [259 N.Y. 137, 181 N.E. 76]. 'The risk may be no different in degree or kind than those to which he may be exposed outside of his employment. The injury is compensable, not because of the extent or particular character of the hazard, but because it exists as one of the conditions of the employment.' Savage v. St. Aeden's Church, supra. 122 Conn. 343, 189 A. 599, 601. Since there is no claim that the fall was caused by any third person's intention or by Garcia's intoxication, we must hold that the cause of his fall is immaterial.

"In Lumbermen's Reciprocal Ass'n. v. Behnken, 112 Tex. 103, 246 S.W. 72, 73,

28 A.L.R. 1402, the Supreme Court, at an early time in the history of our compensation law, said this of it:

" 'What the law intends was to protect the employee against the risk or hazard taken in order to perform the master's task.'

"A person may fall on the floor at work and injure himself; he might have fallen elsewhere and received the same injury, but the fact is he did not. The injury, however, is compensable. An employee may be stung by a wasp in the performance of his work; he might have been stung elsewhere, but if in the performance of his duties he receives the injury he is to be compensated. Indemnity Ins. Co. of North America v. Garsee, Tex.Civ.App., 54 S.W.2d 817, no writ history.

"A night watchman, while performing his duties, might have been injured and robbed of his personal property; he might have had the same thing happen elsewhere, but the fact is this was a risk of his employment, and he is to be compensated. Vivier v. Lumbermen's Indemnity Exchange, Tex.Com.App., 250 S.W. 417.

"In Traders & General Ins. Co. v. Rooth, Tex.Civ.App., 268 S.W.2d 539, ref., n.r.e., an employee while performing his duties ruptured an aneurysm. He was in a position where his head was below his knees as he was tightening a bolt, causing slight strain. His injury was compensable. This injury might have occurred at any time from a similar situation, but the fact was it did not, and since it occurred in the course of his employment and was caused by a risk of the employment it was a compensable injury."

The testimony in the case before us reveals that Vernon W. Burkhalter was employed by Dixie Builders Inc., and that The Home Insurance Company was the carrier of Dixie's Workmen's Compensation Insurance. On January 2, 1970, while Burkhalter was working on the job, he suffered his fatal heart attack. He was a carpenter foreman on this occasion, engaged in constructing the State First National Bank building in Texarkana, Arkansas, and had been engaged in his supervisory task which required him to climb stairs as one of the conditions of his employment. The testimony showed that the stairs were narrow and the steps small, plus a steep angle of climb. Access from the fourth floor to the fifth and sixth floors was by ladder. The witnesses testified that the climb was extra strenuous because the steps were so narrow that they would not accommodate all of the foot of the person climbing them, but only the toes going up the steps and the heel on descending the steps. The witness Lassiter testified that Mr. Burkhalter had to make the climb to the fifth floor three times between 12:30 and 1:30 on January 2nd, and that this was more times than usual in a day and particularly within a one hour period. Lassiter testified that more trips were having to be made at this time than usual because "he was having trouble down on the second floor and on the top floor too." The witnesses stated that Mr. Burkhalter was winded, that he was puffing, and that his face was red as a result of climbing the stairs and the ladder. The testimony further shows that Mr. Burkhalter was having problems because the building of the forms to carry the cement that was to be poured into them for the overhang of the roof at the top of the sixth floor was difficult and unusual in nature because the forms had to support an extreme weight. The weather was cold and freezing on the date of the heart attack.

Dr. Arthur Grollman, a pathologist from the University of Texas Medical School, testified that in his opinion the extraordinary stress suffered by Mr. Burkhalter on the date in question precipitated his heart attack and aggravated a preexisting arteriosclerotic condition. He further testified that the extreme cold in itself was an exertion and created more stress and strain on the heart than does normal weather.

322

After a thorough examination of the record in this case, we have concluded that the evidence is more than adequate to support the findings of the jury under the law as we have outlined it and as outlined in Aetna Insurance Company v. Hart, supra. The fact that Mr. Burkhalter may have had a heart attack while climbing the stairs some other place at a time when he was not working for Dixie Builders Inc., is of no consequence. The fact is, he had the heart attack while in the performance of his duties for his employer, and he is therefore entitled to be compensated. We further conclude that the evidence is adequate to show that Mr. Burkhalter had to climb the stairs on January 2, 1970, more times than would ordinarily be required in a period of one hour and that the evidence is sufficient to show that this extra exertion precipitated his heart attack.

We believe the jury answered the special issues correctly and that each of their answers was supported by the evidence of this case. Accordingly, appellant's remaining points of error are overruled.

The judgment of the trial court is affirmed.