**NEW AMSTERDAM CASUALTY CO. v. HOAGE, Deputy United States Employees' Compensation Commissioner for the District of Columbia (BRADLEY, Intervener).**

No. 4977.

Court of Appeals of District of Columbia.

Argued Dec. 3, 1930.

Decided Jan. 6, 1931.

Lawrence Koenigsberger, of Washington, D. C., for appellant.

James E. McCabe and L. A. Rover, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill to enjoin the enforcement of an award by appellee, Robert J. Hoage, Deputy United States Employees' Compensation Commissioner for the District of Columbia, to Catherine B. Bradley, widow of James N. Bradley, under the provisions of the "Longshoremen's and Harbor Workers' Compensation Act" of March 4, 1927 (44 Stat. 1424, U. S. C. Sup. III, tit. 33, c. 18 [33 USCA c. 18, §§ 901–950]), made generally applicable to the District of Columbia by the Act of May 17, 1928 (45 Stat. 600 [33 USCA § 901 note]; D. C. Code, tit. 19, c. 2, §§ 11, 12).

On August 14, 1928, the deceased, James N. Bradley, was employed in the District of Columbia by the Royal Glue Company, a corporation engaged in business in this District. Pursuant to the provisions of section 32(a)(1) of the "Longshoremen's and Harbor Workers' Compensation Act" (U. S. C. Sup. III, tit. 33, § 932(a) (1) [33 USCA § 932(a)(1)]), hereinafter referred to as the Employees' Compensation Act, there was in force a policy of insurance issued by appellant to insure the payment of compensation to employees of the Royal Glue Company.

The facts disclosed in the hearing before the deputy commissioner, stated in narrative form, are substantially as follows: The decedent, Bradley, had been in the employ of the glue company for about 40 years. On the morning of August 14, 1928, he reported for duty at about 8 o'clock. In about half an hour he inquired of his immediate superior and superintendent of production, a Mr. Hayes, whether he had a fountain pen, and received a reply in the negative. Thereupon Bradley said, "I am going up the street on a little business and will be right back." Hayes responded, "That's all right. Take your time.

The tank is full. Just take your time." Hayes testified that it was customary for Bradley to go out "whenever he wanted to on business." Bradley left the plant, and presumably went directly to the National Savings & Trust Company, located at Fifteenth street and New York avenue, N. W., for he cashed a personal check there for $10 shortly after 9 o'clock that same morning. As he was proceeding east, and presumably attempting to cross Fourteenth Street at New York avenue, he was struck by a street car and killed. He owed the Gasch insurance and real estate firm, located on the south side of New York avenue between Thirteenth and Fourteenth Streets, N. W., a bill of $5.25 for fire insurance. The unpaid bill was found in his pocket after the accident.

There is also located on the south side of New York avenue, between Thirteenth and Fourteenth streets, the National Electric & Supply Company and the Rudolph & West hardware store. Supplies for the glue company were sometimes purchased at these stores. It was customary for Bradley to make small purchases for the company out of his own funds and to be reimbursed later. "Just in emergency he would leave the factory when something was needed."

The secretary-treasurer of the glue company, who was in charge of operations in Washington, testified that usually when Bradley left the factory on his own business he would call up and ask permission to go; that no request for such permission was made on the day of the accident. The witness admitted that he did not get to the factory on that morning until about 9:25, or three-quarters of an hour after Bradley had left.

Mr. Hayes was asked whether he knew of any reason why Bradley had left the plant on the morning in question, and replied: "Well, no. I don't know the reason why he left. He may have had many reasons that he didn't explain." In response to the question: "But you had no knowledge of it on this occasion?" he answered: "I had no knowledge of why he left. He may have gone to purchase something. I couldn't tell why he went out." There was no evidence that any emergency purchases were necessary.

The deputy commissioner found that Bradley, while in the service of his employer, in the capacity of a mixer of glue at the employer's plant, "was temporarily away from the plant and in the course of employment, and while so engaged was walking across

Fourteenth Street on the north side of New York Avenue, Northwest, and was there struck by a street car of the Washington Railway and Electric Company sustaining an injury which resulted in his death."

Section 2(2) of the Employees' Compensation Act (U. S. C. Sup. III, tit. 33, § 902 (2) [33 USCA § 902(2)]) provides that "the term 'injury' means accidental injury or death arising out of and in the course of employment. * * *"

Section 20 (U. S. C. Sup. III, tit. 33, § 920 [33 USCA § 920]) provides that "in any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary—(a) That the claim comes within the provisions of this chapter."

Section 21(b) [U. S. C. Sup. III, tit. 33, 921(b), 33 USCA § 921(b)], reads in part as follows: "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the Supreme Court of the District of Columbia if the injury occurred in the District)."

■ Was the award in this case "in accordance with law?" Upon proof of an injury and that the relationship of employer and employee existed at the time, the presumption arises (in the absence of substantial evidence to the contrary) that the claim for compensation "comes within the provisions of this Act." If substantial evidence to the contrary is introduced, and no other evidence is introduced in behalf of the claimant, the presumption must give way. "Presumptions can stand only whilst they are compatible with the conduct of those to whom it may be sought to apply them; and still more must give place, when in conflict with clear, distinct and convincing proof." Fresh v. Gilson, 16 Pet. 327, 331, 10 L. Ed. 982. See, also, Flannery v. Willcuts (C. C. A.) 25 F.(2d) 951, 953; Loetscher v. Burnet, decided this day, 60 App. D. C. 38, 46 F.(2d) 835; Curry v. Stevenson, 58 App. D. C. 162, 26 F.(2d) 534.

■ In our view, there was substantial evidence in this case that Bradley at the time of his injury was not performing services "arising out of and in the course of" his employment, and that there is no substantial evi-

dence to the contrary. He asked for a fountain pen; then obtained permission of his immediate superior to go "up the street on a little business"; and announced that he would be right back. He went to a bank, where he cashed a personal check—clearly his own business. He had in his pocket a bill, and, when killed, was going in the direction of the firm to which he owed the bill.

To infer that, when he sought permission to go up the street on a little business, he meant that he was going out to make an emergency purchase for the company, that he cashed the check for the purpose of obtaining money to pay for that purchase, and, when killed, was on his way to make the purchase, is to indulge in pure conjecture, inconsistent with the established facts. An award based upon conjecture inconsistent with established facts and circumstances is manifestly so arbitrary and unreasonable as to be "not in accordance with law." See Wheeling Corrugating Co. v. McManigal (C. C. A.) 41 F.(2d) 593, 594; Matter of Eldridge v. Endicott, Johnson & Co., 228 N. Y. 21, 25, 126 N. E. 254, 20 A. L. R. 1.

It results that the decree must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.