239

B. Doyle MITCHELL, Appellant,

v.

EMILY SHOPS, Inc., a body corporate,
Appellee.

No. 1605.

Municipal Court of Appeals for the
District of Columbia.

Submitted Feb. 21, 1955.

Decided March 14, 1955.

Halcott A. Bradley, Washington, D. C.,
for appellant.

Robert I. Rudolph, Washington, D. C., for
appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The trial court gave judgment against
Mr. Mitchell for a small balance due on
garments purchased by his wife. Seeking
a reversal, his principal contentions are that
credit had been extended not to him but to
his wife (from whom he was later separat-
ed); that he had been providing for her
support; that his wfe had no authority to
pledge his credit; and that the articles of
clothing were not necessaries.

With reference to the last two
contentions we rule: (1) That while a wife
by her relationship alone has no power to
act as agent of her husband, the relation-
ship is of such a nature that circumstances
which would not indicate the creation of au-
thority in the case of strangers may indi-
cate such authority in the case of husband
and wife.[1] (2) The existence of such au-
thority was in this case a question of fact.
On that question we refer to the following
passages in the wife's testimony:

"Q. Did Mr. Mitchell know that you had
made these purchases?

"A. Mr. Mitchell was aware of the fact
that I had made those purchases and the
reasons why I had made them.

"Q. And did he authorize you to make
them?'

"A. He said it was all right because he
knew that we were going on a trip and I
would need those things."

That testimony, if believed, established that
the purchases were necssaries, that the hus-
band authorized and approved them, and
that he was liable. It is unnecessary to con-
sider other contentions presented by ap-
pellant.

Affirmed.

1. Ford v. S. Kann Sons Co., D.C.Mun. App., 76 A.2d 358.