Victor OTTENSTEIN, Appellant,

v.

JULIUS GARFINCKEL & CO., Inc., a corporation, Appellee.

Gloria OTTENSTEIN, Appellant,

v.

Victor OTTENSTEIN, Appellee.

Victor OTTENSTEIN, Appellant,

v.

WOODWARD & LOTHROP, a corporation, Appellee.

Gloria OTTENSTEIN, Appellant,

v.

Victor OTTENSTEIN, Appellee.

Nos. 2350–2353.

Municipal Court of Appeals for the District of Columbia.

Argued March 9, 1959.

Decided June 9, 1959.

Harry Friedman, Washington, D. C., for appellant in Nos. 2350 and 2352 and for appellee in Nos. 2351 and 2353.

Cornelius H. Doherty, Washington, D. C., for appellees in Nos. 2350 and 2352.

Jackson Brodsky, Washintgon, D. C., for appellant in Nos. 2351 and 2353.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Mr. and Mrs. Ottenstein were married on February 18, 1950, separated on September 30, 1956, and were divorced on January 2, 1958. Shortly after the marriage she opened accounts with two stores, Garfinckel and Woodward & Lothrop, and continued those accounts during the married life and after separation. On November 26, 1956, Mr. Ottenstein wrote to both stores that "I am not and will not be responsible for any obligations incurred by my wife." At that date $1,676.42 was owing to Garfinckel and $111.-45 to Woodward & Lothrop. Thereafter Mrs. Ottenstein charged an additional $11.-50 against the Garfinckel account and an additional $346.77 against the Woodward & Lothrop account. No payments were made on either account after the separation and the stores brought these actions to collect from both Mr. and Mrs. Ottenstein. The trial court found Mrs. Ottenstein responsible for the full amounts and found Mr. Ottenstein also responsible for the amounts accrued at the time he wrote the letters of November 26, 1956.

The trial court awarded judgment against Mr. Ottenstein on its finding that Mrs. Ottenstein had implied authority to pledge his credit for the purchases. On this appeal he attacks that finding as not being supported by the evidence.

The evidence was that the application for credit with Garfinckel was signed "Mrs. V. Ottenstein," and the Woodward & Lothrop application was signed "Mrs. Victor Ottenstein." Both applications indicated that the wife was unemployed and listed her husband's name and business, and the bank reference on both applications was to a bank in which he had an account and she did not.

Both accounts were regularly used, not only for the purchase of clothing for Mrs. Ottenstein but also for clothes for their children and for household articles, and in some instances Mr. Ottenstein used the Woodward & Lothrop account either by making the purchase himself or by having his wife make the purchase for him. He knew that bills for both accounts came in monthly, and, according to her testimony, "went over" the bills with her and if her allowance was not sufficient to meet the bills he gave her additional money for that purpose. All payments were made by her by check on her personal bank account.

The husband's testimony was that he gave his wife a monthly allowance from which she was to pay for her needs, household expenses and "children's items," that she had her own bank account and had no access to his bank account; that he had that arrangement so she could not contract debts on his credit.

From the record we think it plain that the wife pledged her husband's credit and the stores extended credit on the strength of

that pledge, and, as we understand the husband's position, he does not deny this. His contention is that he did nothing which would justify the stores in believing that his wife had authority to pledge his credit.

It is true there was no evidence that the husband authorized the opening of the accounts or communicated with the stores regarding them; but the evidence was that he knew of the accounts soon after they were opened, went over the monthly statements with his wife, gave her money to pay them, and on more than one occasion used one of the accounts. With his knowledge both accounts were actively maintained for several years. Had he not intended to be responsible for these accounts he could have so notified the stores, as he promptly did after the separation. Apparent authority of a wife to pledge her husband's credit is a question of fact, and the evidence here supported the trial court's finding of apparent authority. Ford v. S. Kann Sons Co., D.C. Mun.App., 76 A.2d 358; Mitchell v. Emily Shops, Inc., D.C.Mun.App., 112 A.2d 239.

The remaining question is the wife's appeal. She has not appealed from the judgments against her in favor of the stores, but has appealed from the orders dismissing her cross-claims against her husband. In her cross-claims she sought judgments against her husband in such amounts as might be granted against her in favor of the stores; but her position on this appeal is that she was entitled not to exoneration but to contribution, that is, to judgments against her husband for one-half the amount of the judgments for which they were held jointly liable. She cites 13 Am. Jur., Contribution, § 35, as supporting the right of contribution between joint debtors; but that very section points out that the right of contribution arises only when one has paid more than his share of the joint obligation. If and when the wife pays more than her share of the judgments against her and her husband she may then bring an action for contribution. As to her right to prevail in such an action we express no opinion.

In connection with the last point we note that the judgments are not in proper form. In the Garfinckel case there is a judgment against the husband for $1,676.42 and one against the wife for $1,687.92, and in the Woodward & Lothrop case a judgment against the husband for $111.45 and one against the wife for $458.22. The aggregate of these judgments far exceeds the amounts claimed. The judgments should be amended to show a joint judgment against Mr. and Mrs. Ottenstein in favor of Garfinckel for $1,676.42 and a separate judgment against her for $11.50, and in the Woodward & Lothrop case a joint judgment against Mr. and Mrs. Ottenstein for $111.45 and a separate judgment against her for $346.77. In all other respects the judgments are affirmed.

Affirmed, with instructions to amend judgments in accordance with this opinion.