Joseph GULLUNG

v.

HUMBLE OIL & REFINING COM-
PANY et al.

No. 4858.

United States District Court
E. D. Louisiana.

Oct. 22, 1962.

Frederick J. Gisevius, Jr., New Orleans, La., for libellant.

Christopher Tompkins, New Orleans, La., for respondent.

ELLIS, District Judge.

Plaintiff brings this action against the defendants as the owners of a small vessel and barge on which plaintiff was injured. Plaintiff alleges he was a business invitee on board these two vessels at the time of his injury which was caused by the negligence of defendants' employees and the unseaworthiness of the two vessels. Previously plaintiff had made a claim before the Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901, et seq., against Williams-McWilliams. The Commissioner held a hearing on the question of jurisdiction alone and found on February 23, 1962, that his office had jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1331 et seq. and that plaintiff's remedy against Williams-McWilliams as his employer is exclusively under that Act. Plaintiff has never appealed this finding of jurisdiction and has attempted to withdraw his claim under the Longhoremen's and Harbor Workers' Compensation Act.

Defendant Williams-McWilliams now moves to dismiss this action on the grounds that plaintiff may not collaterally attack the Commissioner's finding of jurisdiction which necessarily involved a finding that plaintiff was employed by Williams-McWilliams. Defendant asserts that the finding of jurisdiction was a final order and appealable and plaintiff's failure to appeal that finding now bars his making a contrary allegation in this suit. Defendant claims that the

Longshoremen's Act is controlled by the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. with regard to finality of an order and that the more broad provisions of that Act [1] make the Commissioner's finding of jurisdiction final and appealable.

 While the Administrative Procedure Act, supra, apparently controls the Longshoremen's and Harbor Workers' Act, supra, where the latter act is silent, O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; or where fundamental rights to cross examine are concerned, Atlantic & Gulf Stevedores, Inc. v. Donovan, 5 Cir., 274 F.2d 794; Southern Stevedoring Co. v. Voris, 5 Cir., 190 F.2d 275, there is nothing to suggest that the Administrative Procedure Act alters the Longshoremen's and Harbor Workers' Act where the latter Act is specific, such as on the time for appeal.

The only provision for appeal under the Longshoremen's Act is found at 33 U.S.C.A. § 921(a). The finality necessary for appeal requires a "compensation order" and its subsequent filing with the Office of the Deputy Commissioner pursuant to § 919. A compensation order is the general term for an "order rejecting the claim or making the award." 33 U.S.C.A. § 919(e). The appeal time is within thirty (30) days after the filing of the compensation order. A retention of jurisdiction, and of course, the necessary finding of that jurisdiction, is not a "compensation Order" under § 921. See Lea Mathew Shipping Corp. v. United States Employees' Compensation Commission, W.D.Wash., 56 F.2d 860. Hence the time for appeal on the Commissioner's intermediate finding of an employer-employee relationship has not run. A contrary allegation on the employer-employee relationship in a maritime action would not be a prohibited collateral

attack since the Commissioner's finding is not final. Compare Hagens v. United Fruit Co., 2 Cir., 135 F.2d 842.

The motion to dismiss must be denied.

---

1. See 5 U.S.C.A. § 1009; Isbrandtsen Co. v. United States, 93 U.S.App.D.C. 293, 211 F.2d 51; Amerada Petroleum Corp. v. Federal Power Commission, 10 Cir., 285 F.2d 737.