June L. WOLFF, individually and on behalf of her minor children, Mary Elizabeth Wolff and George Edward Wolff, Jr., Appellant,

v.

Theodore BRITTON, Deputy Commissioner, U. S. Department of Labor, Bureau of Employees' Compensation, et al., Appellees.

No. 17792.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 7, 1963.

Decided Jan. 16, 1964.

---

182

---

Mr. Martin S. Becker, Washington,. D. C., for appellant.

Mr. George M. Lilly, Atty., Dept. of Labor, of the bar of the Supreme Court. of North Carolina, *pro hac vice*, by special leave of court, with whom Messrs. David C. Acheson, U. S. Atty., Charles Donahue, Sol. of Labor, Charles T. Duncan, Principal Asst. U. S. Atty., Frank Q. Nebeker, Asst. U. S. Atty., Alfred H.

Myers and Robert J. Skahan, Attys., Dept. of Labor, were on the brief, for appellee Britton. Mr. William H. Willcox, Asst. U. S. Atty., also entered an appearance for appellee Britton.

Mr. James E. Murray, Washington, D. C., with whom Mr. Arthur J. Phelan, Washington, D. C., was on the brief, for appellee, Liberty Mut. Ins. Co.

Before PRETTYMAN, Senior Circuit Judge, and DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

Following the death of George E. Wolff, Sr., his widow, the appellant, for herself and her minor children, filed a compensation claim pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act.[1] The Deputy Commissioner found that the death "did not arise out of and in the course of" his employment. In review proceedings all parties moved for summary judgment in reliance upon the certified administrative record. The District Court entered summary judgment in favor of the appellees, the Deputy Commissioner and the intervening insurance carrier. On this appeal as in the District Court, the appellant did not contest the findings of the Deputy Commissioner, so the only issue before us is whether or not as a matter of law, the appellant was entitled to prevail.

At about 1 P.M. on August 21, 1962, the appellant's decedent was hired and began work as a mechanic in a small garage which serviced automobile brake systems. Some four hours later he was injured under circumstances found by the Deputy Commissioner as follows:

"3. That just prior to 5:00 p. m., the quitting time, on the afternoon of the said day the employee and several of his fellow workers gathered in or near the open door of the employer's shop near the employer's desk and were discussing their work; that the employee, while standing with and talking to his fellow workers, as found above, and while holding a bottle of soda pop in one hand, was heard to make an eerie cry described by those who heard it as a frightened laugh or scream, following which he partially knelt by flexing his knees while clutching at his stomach with his hands as if he were in pain, and then he suddenly leaped upward and backwards, partially turned about in the air and fell to the floor, striking the back of his head, following which his face, body and extremities twitched and jerked, his eyes rolled upward and backward, foam appeared on his lips, and he appeared to be trying to swallow his tongue; that thereafter the employee was taken to a hospital but was later released on the same day; that early the following day the employee lost consciousness and was taken to another hospital where he remained until his death which occurred on August 23, 1961; that the death of the employee was due to massive cerebral edema, due to contusions of the brain, due to a fracture of the skull, which fracture was sustained when the employee struck his head, as found above."

The Deputy Commissioner additionally found:

"5. That the fall sustained by the employee, as found above, was not caused by the employee's slipping or tripping on any substances or objects associated with the employment; that the said fall was not the result of any accidental occurrence arising out of the employment; that the death of the employee did not arise out of the employment as alleged, but that it was due to a cause or causes unrelated to the employment."

Before the Deputy Commissioner, the appellant's counsel outlined his position to be that "the deceased stopped work

1. 44 Stat. 1424, 33 U.S.C. § 901 et seq., as made applicable to the District of Columbia, 45 Stat. 600, D.C.Code § 36-501 (1961).

momentarily and while reaching for a carbonated beverage, caught his heel in some form of stool or creeper and fell over backwards striking his head upon the concrete floor" resulting in injury, followed by death, two days later. The appellant so testified. Her sister by affidavit supported that "position," and counsel announced "That is the claimant's case."

The statute [2] provides:

"In any proceeding for the enforcement of a claim for compensation * * * it shall be presumed, *in the absence of substantial evidence* to the contrary—

"(a) That the claim comes within the provisions of this [Act]." (Emphasis added.)

■ Without more, the appellant might have established her claim.[3] But the appellant's case was controverted. The appellees thereupon called witnesses from the decedent's last two previous places of employment to testify as to situations within their knowledge which might have a bearing upon the decedent's physical condition. Four fellow employees and the owner of General Brake Service next testified in great detail as to the circumstances attendant upon the decedent's seizure and fall.[4] We need not particularize for we deem it sufficient to say that the findings of the Deputy Commissioner are overwhelmingly supported in the record.

Moreover, the appellant on brief tells us:

"The death of an employee from head injuries caused by a fall to a concrete floor as a result of a convulsive seizure, *not caused by any condition of his employment,* is compensable * * *." (Emphasis added.)

Again on brief appellant submits:

"Just prior to quitting time * * * Wolff and several of his fellow employees were standing and discussing their work when he suffered a convulsive idiopathic seizure. *The seizure was not caused by nor related to any condition of his employment.* As a result of the seizure, he partially knelt by flexing his knees, while clutching at his stomach with his hands, as if he were in pain. Then suddenly he leaped upward and backwards, partially turned about in the air and fell to the floor, striking the back of his head on the concrete floor. (*The fall sustained by Wolff was not caused by his slipping or tripping on any substance or object associated with his employment.*)" (Emphasis added.)

Such concessions quite contrary to the position which had been asserted before the Deputy Commissioner, nonetheless, it is argued, do not militate against recovery. Granting that the seizure was not caused by any condition of employment and that the employee's fall was not due to a defect in the floor or an object associated with the employment, it is contended as a matter of law that the injury arose out of the employment.

■ Whether or not a seizure produces a compensable injury for a newly hired employee, be he on the employer's premises ten minutes, or as in this case, about four hours, would seem to turn on his having encountered some occupational hazard, or at least the injury must have been related to his work. Such has been the trend of our decisions. Certainly the mere fact that "something unexpectedly goes wrong within the human frame"[5] will not bar recovery if an injury, otherwise compensable, occurs when the em-

2. 33 U.S.C. § 920 (1958).

3. Cf. Robinson v. Bradshaw, 92 U.S.App. D.C. 216, 206 F.2d 435 (1953).

4. In addition from expert medical testimony the Deputy Commissioner was enabled to understand the nature of the convulsive seizure which precipitated the decedent's leap which ended in his striking his head on the concrete floor.

5. Commercial Casualty Ins. Co. v. Hoage, 64 App.D.C. 158, 159, 75 F.2d 677, 678 (1945).

ployee is engaged in his usual and ordinary work. The seizure, whether it be of heart,[6] or the result of sudden paralysis [7] or even of epilepsy [8] may produce an injury which becomes compensable. Where an employee holding a hot water hose fell during an epileptic fit and suffered burns inflicted by the instrumentality being utilized in his employment, this court concluded the injury arose out of his employment.[9]

The work must bring "the worker within the orbit of whatever dangers the environment affords." [10] Such was the principle upon which this court sustained the Deputy Commissioner in his finding of compensability when one Brosnan, an employee in the course of his employment was required to use the city streets where he fell and was injured "by reason of the risks incident to the streets." [11]

▮▮▮ The Supreme Court has emphasized that the test of the statute, just as we have construed it, does not lie in a causal relation between the nature of the employment of the injured person and the accident. Tort principles or common-law concepts of the scope of employment are not controlling. What does matter is "that the 'obligations or conditions' of employment [must] create the 'zone of special danger' out of which the injury arose." [12]

▮▮ Here the Deputy Commissioner drew the inference from all of the facts as found that the injury suffered by the appellant's decedent did not arise out of his employment. Accordingly he concluded on a record which supports him [13] that the claim was not compensable. Since "there is factual and legal support for that conclusion, our task is at an end." [14] As did the District Court, we are bound to

Affirm.

6. Hancock v. Einbinder, 114 U.S.App.D.C. 67, 71, 310 F.2d 872, 876 (1962) where we rejected the "notion that an injury is not compensable unless it resulted from the performance of *unusual work*." (Emphasis added.)

7. General Accident Fire & Life Assur. Corp. v. Donovan, 102 U.S.App.D.C. 204, 251 F.2d 915 (1958).

8. President and Directors of Georgetown College v. Stone, 61 App.D.C. 200, 59 F.2d 875 (1932).

9. *Ibid.*; compare Employers Mut. L. Ins. Co. of Wisconsin v. Industrial Acc. Com'n, (Sup.Ct.Calif. *en banc*), 41 Cal.2d 676, 263 P.2d 4 (1953).

10. Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 55, 112 F.2d 11, 14, *cert. denied*, 310 U.S. 649, 60 S. Ct. 1100, 84 L.Ed. 1415 (1940).

11. See New Amsterdam Casualty Co. v. Hoage, 61 App.D.C. 306, 307, 62 F.2d 468, 469 (1932) where the court said: "From the record it appears probable that Brosnan's fall was occasioned by a loss of balance due to stumbling, slipping, or sudden dizziness while crossing the street."

One year earlier this court had reversed an award where an employee while crossing a street was struck by a streetcar. The court concluded that the presumption of compensability was countered by substantial evidence that the employee was not then performing services arising from his employment. New Amsterdam Casualty Co. v. Hoage, 60 App.D.C. 40, 46 F.2d 837 (1931).

12. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 507, 71 S.Ct. 470, 472, 95 L. Ed. 483 (1951).

13. *Id.*, 340 U.S. at 508, 71 S.Ct. at 472.

14. Cardillo v. Liberty Mutual Co., 330 U.S. 469, 479, 67 S.Ct. 801, 807, 91 L.Ed. 1028 (1947).