**MERCHANTS MUTUAL INSURANCE COMPANY, a corporation, Appellant,**

v.

**Marvin E. RICHARDSON, Appellee.**

No. 5400.

District of Columbia Court of Appeals.

Argued Dec. 8, 1970.

Decided Feb. 12, 1971.

Charles C. Bowie, Washington, D. C., for appellant.

No appearance for appellee.

Before FICKLING, GALLAGHER, and REILLY, Associate Judges.

REILLY, Associate Judge:

This appeal presents the question of what rights of contribution, if any, may be enforced in this jurisdiction among joint employers in a workmen's compensation case. The judgment of the trial court challenged here raises the issue of whether an order of the Bureau of Employees' Compensation, Department of Labor, directing two employers (and the insurer of one of them) "jointly and severally" to

pay a certain compensation award to an injured employee, confers upon a respondent who paid the entire amount a right to recover from a fellow respondent his proportionate share of such payment.

The court below decided that appellant in an action seeking such contribution was not entitled to it on the basis of the findings and award of the Bureau, even though that portion of the administrative order applicable to appellee only had been affirmed on judicial review.

The compensation award at the root of this controversy was for an injury incurred on October 25, 1961 by Jesse L. Jones, a truck driver. He was partially disabled in a fall from a load of bricks which he was delivering to a construction project under the instructions of the lessee of the truck, J. J. Taylor, Inc., a concern engaged in the business of providing hauling services for a brick manufacturer.

On the date of this accident and for some time prior thereto, Jones was on the payroll as an employee of Marvin E. Richardson, owner of the truck and appellee in this case. In leasing the truck to Taylor, Inc., Richardson had also lent the lessee the services of his driver, Jones, under an agreement which did not specify—at least so far as this record discloses—which employer should be responsible for any injuries Jones might incur on his assignment.

Companies carrying on employment in the District of Columbia are subject to D. C. Code 1967, § 36–501, which makes the provisions of the Longshoremen's and Harbor Workers' Act [1] applicable to the injuries or deaths of their employees in the course of their employment. Pursuant to this act, Taylor, Inc. obtained insurance to cover claims adjudicated payable under this statute under a policy written by Merchants Mutual Insurance Company, appel-lant here. No corresponding insurance policy was carried by appellee Richardson.

Pursuing his remedy under that act, Jones filed claims to compensate him for his disability and medical expenses. In one claim, Jones designated appellee Richardson as his employer; in another he designated as his employer, Taylor, Inc. and its insurer, the appellant here.

The deputy commissioner assigned by the Bureau consolidated both cases for hearing. He found that the injury occurred in the course of Jones' employment, and issued an order requiring Taylor, Inc. (whom he found to be a special employer), appellee (whom he found to be a general employer), and appellant (the insurer of Taylor, Inc.), to pay "jointly and severally" a specified amount of compensation to the claimant.

Under Section 21(a) of the Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 921(a), such an order is effective when filed in the Office of the Deputy Commissioner and becomes a final order 30 days later unless, in the interim, proceedings to set aside the order are instituted in court pursuant to subsection (b). This subsection—the only method of judicial review authorized by the act—provides that a party aggrieved may bring suit in a United States district court to enjoin enforcement of such order.

Neither appellant nor Taylor, Inc. sought judicial review. Appellee Richardson, however, brought an action in the District Court for the District of Columbia to vacate that portion of the order applicable to him. His position was that on the day of the injury he was immune from liability as a joint or general employer because the claimant's work was exclusively under the direction and control of Taylor, Inc.[2]

The district court on a motion for summary judgment filed by the Government,

---

1. 33 U.S.C. §§ 901–950.

2. Richardson v. Einbinder, Deputy Commissioner (unreported), U.S.D.C. Civil Action No. 626–64 (1965) marked for identification as Plaintiff's Exhibit 2 in the court below.

dismissed the action on the ground that the finding of the deputy commissioner was supported by the record. Richardson did not appeal the dismissal to the United States Court of Appeals. Shortly thereafter, appellant paid the total amount of the compensation award to claimant.

In the action brought by appellant in the court below to compel appellee Richardson to reimburse appellant for half the amount [3] of such payment, appellee stipulated that he had paid nothing to the employee-claimant or to the other respondents in the administrative proceeding.

Attaching to its pleadings the findings and order of the deputy commissioner of the Employees' Compensation Bureau and the affirmance of the district court with respect to Richardson, appellant moved for summary judgment. Appellee standing on his answer (a denial that he was an employer of the injured driver at the time of the accident), argued that the Court of General Sessions was not bound by the decisions in these proceedings because the standards for proving an employer-employee relationship are "completely different" from the criteria acceptable under workmen's compensation law. Apparently agreeing with the contention that such a relationship had to be shown by a preponderance of evidence, the court denied the motion and the case was placed on the trial calendar.

On the date set for trial, appellant filed another motion for summary judgment. The court withheld ruling on this motion and, entertaining argument outside the presence of the jury, refused to receive as exhibits copies of the proceedings and decisions in the Employees' Compensation Bureau and the United States district court.

Appellant excepted to these rulings and refused to go forward. The court directed a verdict for appellee, and subsequently entered a judgment (without opinion) for the latter.

In this court appellant assigns as error not only the exclusion of the exhibits, but the refusal of the court to grant summary judgment on the pleadings to which the exhibits had been annexed. As the issues respecting the relevancy of these documents raised before the motions judge and the trial judge are essentially aspects of the basic issue, *viz.*, the legal significance to be accorded the decisions in the prior proceedings, we deem this appeal as turning on the question of whether the order denying summary judgment for appellant was error.

■ In our opinion, the court below erred in ruling that appellant had to prove by independent evidence that appellee Richardson was in fact a joint employer—thus in effect refusing to give full faith and credit to the findings and award of the Employees' Compensation Bureau. Appellant and appellee, as well as appellant's insured, were parties to the proceeding which culminated in this decision. Hence the issue which appellee insisted should be litigated in the court below was *res judicata* as between himself and appellant.

■ To be sure, this was not true with respect to the decision of the United States district court, for neither appellant nor its insured had intervened in appellee's action in the district court.[4] By so abstaining, they took the risk of being the only parties liable under the award. By the district court's adverse holding to him, however, appellee became as much bound as the other joint respondents by the final order of the

---

3. This computation was based on the premise that Taylor, Inc. and appellee Richardson, *as joint* employers, should each have paid half the award and that as insurer, appellant was entitled on equitable principles to reimbursement by the non-insured employer.

4. Failure of Taylor, Inc. or appellant, its insurer, to intervene or to institute separate actions in the nature of an appeal before the 30-day period, had the effect of making the Commissioner's award final as to them.

deputy commissioner. Hence, in our view, the district court's order was pertinent to the motion presented to the court below, not as *res judicata,* but to show that the joint obligation established by the administrative award upon appellee, appellant and its insured, was no longer vulnerable to judicial overturn.

In ruling that the issue of joint liability could be relitigated, both the trial and the motions judges seem to have mistaken the nature of appellant's cause of action, which was premised on the well-established principle that when one joint judgment debtor pays more than his share of the joint obligation, he is entitled to contribution,[5] rather than on the theory that the judgment imposing such obligation was necessarily correct.[6]

There remains the question, which appellant concedes is one of first impression in this jurisdiction—that is, the right of a joint obligor under an employee compensation award, who has satisfied the entire obligation of all the parties, to obtain from another joint obligor contribution of his proportionate share. Contribution among parties to a common debt is a well-established principle of contract law and has been applied here in recent years to create a limited right to contribution among joint tort-feasors. Early Settlers Insurance Co. v. Schweid, D.C.App., 221 A.2d 920–923

(1966). *See also* George's Radio, Inc. v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219 (1942); Aetna Casualty & Surety Co. v. Porter, 181 F.Supp. 81 (D.D.C.1960); *cf.* Peake v. Ramsey, D.C.Mun.App., 43 A.2d 763 (1945).

We need not review the refinements of the doctrines relating to contribution among joint tort-feasors, however. The Longshoremen's and Harbor Workers' Act, like typical workmen's compensation laws, is founded on the principle of liability without fault. Therefore it follows that the rights of joint obligors under compensation orders issued under the authority of that statute stem from their contractual status as employers. Even in jurisdictions rejecting claims to contribution among wrongdoers, recovery has been allowed in suits between employers jointly liable under a compensation award. New Amsterdam Casualty Co. v. Popovich, 18 N.J. 218, 113 A.2d 666 (1955). The rule of decision in that case is entirely consistent with the equitable principles of contribution enunciated by District of Columbia courts.[7] Hence appellant had a valid cause of action.

In some states reviewing courts have decided that where an award in a compensation case is directed against two or more employers, payment among the employers should be prorated in accordance with the respective contribution of each employer to

5. Ottenstein v. Julius Garfinckel & Co., D.C.Mun.App., 151 A.2d 925 (1959).

6. In reversing this ruling, we are not unaware that the scope of judicial review of findings of the Employees' Compensation Bureau is extremely limited. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 507, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Wolff v. Britton, 117 U.S.App.D.C. 209, 213, 328 F.2d 181, 185 (1964), and that on the issue of an employer-employee relationship, reviewing courts have permitted administrative agencies to deviate from common law principles. *See* NLRB v. Hearst Publications, Inc., 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170 (1944). Consequently the trial court might well have thought that a jury could disagree with the Bureau on the question of whether appellee Richardson was indeed Jones' em-

ployer on the date the latter incurred his injury. The weight of authority, however, is that a decision on workmen's compensation establishing the relationship of the parties is not subject to collateral attack. *See* 100 C.J.S. 989 (§ 657 and cases cited), Gullung v. Humble Oil & Refining Co., 210 F.Supp. 292 (E.D.La.1962).

7. The case before us is readily distinguishable from the legal situation in Murray v. United States, 132 U.S.App.D.C. 91, 405 F.2d 1361 (1968), where a person liable for negligent conduct causing an injury to an employee also entitled to workmen's compensation, was denied a right to contribution from the victim's employer. There, the court expressly noted that the party from whom the contribution was sought was neither a joint tort-feasor nor a joint obligor.

the salary or wages of the claimant. But under the statute in force in this jurisdiction, it has been held that where the compensation order—as is the case here—imposes joint and several liability on two employers, the proportionate share each is to pay is one half the total. United Painters & Decorators v. Britton, 112 U.S.App.D.C. 236, 301 F.2d 560 (1962). As appellant paid not only the share due from Taylor, Inc., his insured, but also appellee's share, judgment for one half the amount of the payment to claimant should be entered against appellee.

Reversed with instructions to enter judgment for appellant.