STAR-KIST SAMOA, Inc., and TRAVELERS
INSURANCE Co., Plaintiffs

v.

WORKMEN'S COMPENSATION COMMISSION, Defendant

MANUIA PEI, Real Party in Interest

High Court of American Samoa
Trial Division

CA No. 111-87

June 17, 1988

Before REES, Chief Justice, TAUANU'U, Chief Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Plaintiffs, Togiola T.A. Tulafono
For Defendant, Caroline B. Crenna, Assistant Attorney General
For Real Party in Interest, Charles Ala'ilima

Alofagia Sa'o made her living cleaning fish at the Star Kist tuna cannery. One Thursday in early 1985 she left the cannery before the end of her shift after a spell of dizziness and fainting, and she missed work again on Friday. On Saturday morning she began to convulse and lapsed into a coma, and she died of cardiac arrest a day later. The attending physician at the L.B.J. Medical Center concluded that Alofagia's heart attack had been caused by severe bacterial meningitis, an inflammation of the membranes of the brain.

Malala Pei later brought a claim for death benefits under the workmen's compensation laws on behalf of Alofagia's minor son, Manuia Pei.[1] The Workmen's Compensation Commission held a hearing at which the claimants presented the testimony of Dr. Aloiamoa Enesi, the physician who treated Alofagia, and of Mrs. Pei. Alofagia's employer and its insurer contested their liability by arguing that the claimants' evidence contained no indication that the disease was work-related. The Commission determined that Alofagia had contracted the bacteria that caused her death while acting within the course and scope of her employment, and on the

---

[1] Malala Pei adopted Manuia after Alofagia's death. Since the legal relationship of parent and child existed at the time of injury and death, the subsequent adoption did not affect the child's right to compensation. Cf. Austin Co. v. Brown, 167 N.E. 874 (Ohio 1929) (a widow who remarried after her husband's death from work-related injury was not thereby barred from receiving workmen's compensation, since dependency was to be determined as of the time of the injury).

150

basis of this factual finding it awarded benefits to Manuia. Star-Kist and Travelers now seek to have the Commission's decision overturned.

The Fono has provided for the payment of compensation for any injury arising out of and in the course of employment and has delegated to the Workmen's Compensation Commission the authority to hear and determine all questions posed by such claims. A.S.C.A. §§ 32.0520, 32.0636(a). Once a claimant appearing before the Commission has shown the existence of an injury and an employment relationship, a presumption arises that the claim lies within the coverage of the workmen's compensation laws. A.S.C.A. § 32.0642; Saunoa v. Workmen's Compensation Commission, 2 A.S.R.2d 43 (1985); Hartford Fire Insurance Co. v. Workmen's Compensation Commission, 1 A.S.R.2d 57 (1981); New Amsterdam Casualty Co. v. Hoage, 46 F.2d 837, 838 (D.C. Cir. 1931). The presumption operates to shift to the employer the burden of proving by substantial evidence that the injury was not caused by the employment.

Once the Commission has resolved a claim, that decision should be overturned on appeal only if it was "not in accordance with the law," A.S.C.A. § 32.0652, and a commission decision, whether for or against the claimant, will withstand challenge if it was supported by substantial evidence. Continental Insurance Co. v. Workmen's Compensation Commission, 7 A.S.R.2d 105 (1988) (CA No. 141-87, opinion issued March 7, 1988).

Nobody would dispute that Alofagia's death would be compensable if it could be established as a certainty that the fatal streptococcus entered her body while she was at work inside the Star-Kist facility. Of course it will nearly always be impossible to pinpoint the time and place of a bacterial infection. Yet that is the question that the Commission had the statutory duty to resolve in this case, by resort to the evidence presented and any reasonable inferences available therefrom. So long as the record contains evidence from which a reasonable person could conclude that Alofagia's death was work-related, and it does not appear that the Commission arbitrarily and capriciously disregarded substantial evidence to the contrary, we will not disturb its decision.

151

While necessarily circumstantial, the evidence presented to the Commission was sufficient to support the conclusion that Alofagia contracted the disease while at work. The doctor who treated her testified that her heart attack resulted from bacterial meningitis and that the disease has a relatively brief incubation period, probably less than a week. The bacteria that cause this disease flourish in hot, damp areas. Alofagia worked in an environment that the Commission apparently believed especially conducive to the growth of these bacteria. There was further evidence that Alofagia lived in a house that was used as part of a government education program which enforced cleanliness standards, that the house was in fact cleaned every day, and that it was therefore less likely that the bacteria had come from her home.[2] This cumulation of evidence is not overwhelming, but neither is it too flimsy to support the Commission's inference that Alofagia contracted the disease at work.

The plaintiffs argue that the claimants below did not produce evidence sufficient to trigger the statutory presumption of work-relatedness and that there was substantial evidence tending to disprove

---

[2] This is not to say that the evidence supporting the Commission's conclusion was the only evidence in the record. On cross-examination by plaintiffs' counsel, for instance, Dr. Enesi testified that he had never been to the Star-Kist fish cleaning facilities or to Alofagia's home and therefore could personally reach no conclusion about whether she was more likely to have contracted the disease at work than at home. Dr. Enesi also testified on cross-examination that it is possible for a person with a strong immune system to have bacteria in his body for several months without contracting meningitis. The Commission's conclusion that the disease was work related is not, of course, invalidated by the presence in the record of evidence that would have supported the opposite conclusion. The question before the Court is not whether the Commission's conclusion was required by the evidence, or even whether it was supported by the preponderance of the evidence, but whether it was supported by substantial evidence.

causation. They cite <u>New Amsterdam</u>, <u>supra</u>, for the proposition that the presumption disappears when there is evidence that the employee died away from the workplace. This overstates the point of that decision, which is that "[i]f substantial evidence [disproving causation] is introduced, <u>and no other evidence is introduced in behalf of the claimant</u>, the presumption must give way." <u>Id.</u> at 838 (emphasis supplied). This is not such a case. The plaintiffs also contend, purporting to quote <u>Pacific Employers Insurance Co. v. Industrial Accident Commission</u>, 122 P.2d 570 (Cal. 1942), that the presumption does not apply unless the evidence shows that "it was quite probable, and in fact almost certain that the employee contracted the disease while engaged in his duties." A careful scouring of the opinion yields neither those words nor that idea. Nevertheless, the guiding principle of that case is germane to the resolution of this one:

> It is not the function of this court to weigh conflicts in the evidence. . . .
>
> "[C]ertainty is not required. It is not even required that the award be, in our judgment in accord with the preponderance of the evidence, in order that we be not at liberty to annul it. We cannot disturb the award unless we can say that a reasonable man could not reach the conclusion which the commission did."

<u>Id.</u> at 572-73, <u>quoting City and County of San Francisco v. Industrial Accident Commission</u>, 191 P. 26, 29 (Cal. 1920).

This is not a case that requires us to decide what would result if the claimants had relied only on the presumption in the face of the employer's evidence against causation. The Commission had before it evidence from which a reasonable person might have concluded that Alofagia Sa'o died from a disease she contracted in the workplace. In that situation it is never appropriate for the High Court to reweigh what the Commission has already weighed. The complaint is therefore dismissed.